NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
—————————

No. 10-4520
—————————

UNITED STATES OF AMERICA

v.

ALLAN P. CLARK,
                                        Appellant
—————————

Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal Action No. 1-09-cr-00033-001)
District Judge: Honorable Gregory M. Sleet
—————————

Submitted Under Third Circuit LAR 34.1(a)
November 14, 2011

Before: RENDELL and AMBRO, Circuit Judges
and JONES, II,* District Judge

(Opinion filed: November 22, 2011)

—————————

OPINION
—————————

AMBRO, Circuit Judge

---

* Honorable C. Darnell Jones, II, District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

Allan P. Clark was convicted in the District Court of nine counts of production and attempted production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Clark contends that the District Court erred in granting the Government's motion *in limine* to bar certain defense testimony as irrelevant. He requests that we vacate the judgment of conviction and remand for a new trial.[1] We disagree, and thus affirm.

## I.

As we write solely for the parties, we recite only those facts necessary to our decision. On nine separate occasions over two months, Clark activated the "record" function of his cell phone, placed the phone in his house's bathroom, and created videos of his 14-year-old step-daughter ("Jane Doe"). At the beginning of the first eight videos, Clark is visible alone in the bathroom, placing the phone at about waist level. The videos then show Jane Doe entering the bathroom, undressing, and, while naked, using the sink, mirror, and sometimes the toilet, and then stepping into the shower. Her genitals, pubic area, and buttocks are visible, often appearing to be only inches from the camera. Doe does not acknowledge the presence of the phone. At the end of the first eight videos, Clark re-enters the bathroom and removes the phone while Doe is still in the shower.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. Clark filed a motion for leave to file certain portions of the appendix under seal. The Government similarly filed a motion for leave to lodge exhibits on disk under seal. We grant both motions.

2

In the ninth video, Clark is heard talking to Doe while the video is recording. The phone appears to be placed on the ledge of the tub. The first portion of the video shows a white shower curtain. The curtain moves and Doe's naked body is visible before she is seen moving away from the camera.

At trial, Clark testified that he scanned the videos after recording them, did not delete them after viewing them, and did not transfer them to anyone else. When asked why he made the videos, he stated that "[it] was intended to be a joke, . . . just a private joke between my stepdaughter and I," and that he wanted to capture "a candid camera type moment. Something that could be shared as a funny thing later. . . . Not for anybody else. Just between the two of us . . . ." At trial, Doe testified that she saw the videos for the first and only time when she watched them at the offices of the Delaware State Police ("DSP").

When Clark initially was confronted by the DSP regarding the videos, he stated that "there was nothing on that video that [Doe] didn't know about," that "it was her idea," and that she "knew about everything on [the] camera." Prior to trial, the Government filed its motion *in limine* to exclude evidence regarding Doe's alleged knowledge of and consent to Clark's videotaping her. After hearing argument, the District Court orally granted the motion.

## II.

We generally review a district court's evidentiary rulings for abuse of discretion, but apply a plenary review to determinations based on the interpretation of federal rules. *United States v. Green*, 556 F.3d 151, 155 (3d Cir. 2009).

3

To prove that Clark produced or attempted to produce and possessed child pornography, the Government had to establish, *inter alia*, that the videos depicted a minor engaged in "sexually explicit conduct." 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(B). "Sexually explicit conduct" is defined as the "lascivious exhibition of the genitals or pubic area." 18 U.S.C. § 2256(2)(A)(v). A "lascivious exhibition" is a "depiction which displays or brings forth to view in order to attract notice of the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer." *United States v. Knox*, 32 F.3d 733, 745 (3d Cir. 1994). "[L]asciviousness is not a characteristic of the child photographed but of the exhibition which the photographer sets up for an audience that consists of himself or like minded pedophiles." *United States v. Larkin*, 629 F.3d 177, 184 (3d Cir. 2010) (quoting *United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir. 1987)).

> We have adopted a six-part, non-exclusive test to determine lasciviousness:
>
> 1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; 2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; 3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; 4) whether the child is fully or partially clothed, or nude; 5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; [and] 6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Id.* at 182 (quoting *United States v. Villard*, 885 F.2d 117, 122 (3d Cir. 1989)). These factors serve as "hallmarks of lascivious conduct." *Id.* In particular, the sixth factor, "rather than being a separate substantive inquiry about the [depictions], is useful as another way of inquiring into whether any of the other five [] factors [is] met." *Villard*,

4

885 F.2d at 125. Thus, in considering whether an image was intended or designed to elicit a sexual response, the focus is on "the photograph, rather than the viewer." *Id.*

On appeal, Clark argues that the excluded testimony is relevant to the sixth factor.[2] We disagree. Jane Doe's knowledge of or consent to the creation of the videos is immaterial to whether Clark intended or designed the videos to elicit a sexual response in the viewer—that is, himself. The focus is on the videos, not on what Doe knew. Indeed, we have stated that the "lasciviousness" inquiry "does not involve an inquiry concerning the intent of the child subject." *Knox*, 32 F.3d at 747. The District Court properly excluded the testimony.[3]

\* \* \* \* \*

For these reasons, we affirm.

---

[2] Based on the transcript of the hearing on the motion *in limine*, the District Court excluded the testimony under Fed. R. Evid. 402, which provides that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. "'Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

[3] We thus do not need to address the Government's arguments that the testimony alternatively was excludable under Fed. R. Evid. 403 or 412(a), or that any error was harmless.