# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, J. R. MCFARLANE, M.C. HOLIFIELD**
**Appellate Military Judges**

## UNITED STATES OF AMERICA

v.

## JEFFREY F. MORRIS
## SONAR TECHNICIAN (SUBMARINE) SEAMAN (E-3), U.S. NAVY

### NMCCA 201300348
### SPECIAL COURT-MARTIAL

**Sentence Adjudged**: 21 May 2013.
**Military Judge**: CDR Robert P. Monahan Jr., JAGC, USN.
**Convening Authority**: Commanding Officer, Naval Submarine Support Center New London, Groton, CT.
**For Appellant**: Capt Jason R. Wareham, USMC.
**For Appellee**: LCDR Keith B. Lofland, JAGC, USN; LT Ian D. MacLean, JAGC, USN.


**28 August 2014**

---------------------------------------------------
### OPINION OF THE COURT
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a special court-martial, convicted the appellant, consistent with his pleas, of two specifications of possessing media containing child pornography, in violation of Article 134, Uniform Code of Military Justice 10 U.S.C. § 934.[1]  The military judge sentenced the appellant to

---

[1] The appellant also pled guilty to a charge of communicating a threat under Article 134, UCMJ; however, the Government withdrew and dismissed that charge prior to findings.  Record at 241.

confinement for 11 months, reduction to pay grade E-1, and a bad-conduct discharge.  The convening authority (CA) deferred automatic forfeitures until the CA's action and then waived them for a period of six months.  He otherwise approved the sentence as adjudged, and, except for the bad-conduct discharge, ordered it executed.

The appellant raises six assignments of error: 1) his guilty plea was improvident as to Charge I, Specification 2, because one of the images constituted child erotica, not child pornography; 2) the search and seizure of his laptop was unlawful; 3) his conviction is legally and factually insufficient where the evidence against him constituted thumbnail files and were acquired due to automatic caching of his internet browser; 4) his conviction is legally and factually insufficient due to some images not being verified by the National Center for Missing and Exploited Children (NCMEC); 5) his sentence is inappropriately severe; and, 6) the judge violated his duty to remain impartial.[2]

After careful examination of the record of trial and the pleadings of the parties, we are satisfied that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant occurred.  Arts. 59(a) and 66(c), UCMJ.

## Background

The appellant was charged with and pleaded guilty to, *inter alia*, possessing a computer hard drive containing child pornography.  Specifically, Charge I, Specification 2 alleged a violation of Article 134, UCMJ:

> Specification 2:  In that [appellant], on active duty, did, at or near Naval Submarine Base New London, Groton, Connecticut, between on or about 12 January 2012 and on or about 30 May 2012, knowingly and wrongfully possess a computer hard drive containing child pornography, to wit: approximately 19 digital images of a minor, or what appears to be a minor, engaging in sexually explicit conduct, and that said conduct was of a nature to bring discredit upon the armed forces.

---

[2] Assignments of error two through six are summary assignments of error raised pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982).

The Government produced twenty-two (22) images to support Specification 2's charge of "approximately 19 digital images." The military judge *sua sponte* excluded two of the twenty-two images, leaving twenty (20) images of child pornography to which the appellant was found guilty of possessing.[3]

The appellant acknowledged that the items of media he possessed contained child pornography. The appellant also agreed that all of the images to which he pled guilty depicted real children under the age of eighteen, even though some of the children were not able to be verified as such through the NCMEC. Record at 83, 92.

The appellant admitted that his possession of media containing child pornography was intentional and wrongful, that he was capable of avoiding those actions, that he was not forced to engage in such conduct, and that he had no legal justification or excuse. *Id.* at 224-25.

Further facts relevant to the assignments of error are developed below.

### Improvident Plea

In his initial assignment of error, the appellant contends that his plea was improvident to Charge I, Specification 2 because the image listed in Prosecution Exhibit 11 as Number 19 with Unique ID number 106470 constituted child erotica under *United States v. Warner*, 73 M.J. 1 (C.A.A.F. 2013), not child pornography.

### Child Pornography Defined

Once the military judge elects to use the statutory definition of child pornography under 18 U.S.C. § 2256(8), the Child Pornography Prevention Act (CPPA), the evidence must meet that definition. *See United States v. Barberi*, 71 M.J. 127, 129-30 (C.A.A.F. 2012). As part of the providence inquiry, the military judge informed the appellant that "child pornography":

> means material that contains a visual depiction of an actual minor engaging in sexually explicit conduct. Child pornography also means material that contains an obscene visual depiction of a minor engaging in

---

[3] The military judge excluded one image as duplicative and another image because he found that it did not constitute child pornography under the statutory definition. Record at 108, 119.

sexually explicit conduct.  Such a depiction need not
involve an actual minor but instead only what appears
to be a minor.

Record at 72-73.  The military judge used the CPPA's definition
of "sexually explicit conduct":

actual or simulated (i) sexual intercourse, including
genital-genital, oral-genital, anal-genital, or oral-
anal, whether between persons of the same or opposite
sex; (ii) bestiality; (iii) masturbation; (iv)
sadistic or masochistic abuse; or (v) *lascivious
exhibition of the genitals or pubic area of any person*
. . . .

18 U.S.C § 2256(2)(A) (emphasis added); *see* Record at 73-74.

In explaining what constitutes a "lascivious exhibition,"
the military judge listed the six *Dost* factors relied on in
*United States v. Roderick,* 62 M.J. 425, 429-30 (C.A.A.F. 2006).[4]
In addition, as instructed by the military judge in this case,
in order to constitute a "lascivious exhibition" as defined by
the CPPA, the image must depict the genitals or pubic area of
the child.  Record at 85.

A "lascivious exhibition" includes "a depiction which
displays or brings forth to view *in order to attract notice to
the genitals or pubic area of children*, in order to excite
lustfulness or sexual stimulation in the viewer."  *United States
v. Knox*, 32 F.3d 733, 745 (3d Cir. 1994) (emphasis added); s*ee
also United States v. Clark*, 468 Fed. Appx. 102, 103-04 (3d Cir.
2011); *United States v. Grimes*, 244 F.3d 375, 381 (5th Cir.
2001).  However, there is no "requirement that the contours of
the genitals or pubic area be discernible or otherwise visible
through the child subject's clothing."  *Knox*, 32 F.3d at 746.

"[L]asciviousness is not a characteristic of the child
photographed but of the exhibition which the photographer sets
up for an audience that consists of himself or like-minded

---

[4] The *Dost* factors are: (1) whether the focal point of the depiction is on the
genitals or pubic area; (2) whether the setting is sexually suggestive; (3)
whether the child is depicted in an unnatural pose, or in inappropriate
attire, considering the child's age; (4) whether the child is fully or
partially clothed or nude; (5) whether the depiction suggests sexual coyness
or a willingness to engage in sexual activity; and (6) whether the depiction
is intended to elicit a sexual response in the viewer.  *United States v.
Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), *aff'd*, 812 F.2d 1231 (9th Cir.
1987).

pedophiles." *United States v. Larkin*, 629 F.3d 177, 184 (3d Cir. 2010) (citation and internal quotation marks omitted). "[T]he focus must be on the *intended* effect, rather than the *actual* effect, on the viewer." *Id*. (citation omitted).

## Standard of Review

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). A decision to accept a guilty plea will be set aside if there is a substantial basis in law or fact for questioning the plea. *United States v. Inabinette*, 66 M.J. 320, 321-22 (C.A.A.F. 2008). We will not reverse a military judge's decision to accept a guilty plea unless we find "a substantial conflict between the plea and the accused's statements or other evidence of record." *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996). "A 'mere possibility' of such a conflict is not a sufficient basis to overturn the trial results." *Id*. (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)).

## Discussion

The appellant argues that the issue presented in the case at bar is similar to that presented in *Warner*. In *Warner*, the Court of Appeals for the Armed Forces (CAAF) found that the appellant, convicted contrary to his pleas, did not have notice that possession of images depicting minors "as sexual objects or in a sexually suggestive way" without depicting any nudity or other sexually explicit conduct was child pornography. *Warner*, 73 M.J. at 3. The CAAF went on to say that ". . . although child pornography is a highly regulated area of criminal law, no prohibition against possession of images of minors that are sexually suggestive but do not depict nudity or otherwise reach the federal definition of child pornography . . . ." *Id*. The appellant contends that because the victim was partially clothed in the image listed in Prosecution Exhibit 11 as Number 19 with Unique ID number 106470, it constituted child erotica, not child pornography and his plea to this charge was therefore improvident. We disagree.

In the case *sub judice*, the military judge conducted a thorough providence inquiry into why the appellant believed that the image with the Unique ID number 106470 contained a "lascivious exhibition" of the minor's pubic area. The appellant stated he was confident that the female in the image was under the age of 18 because of her "breast size, lack of

5

pubic hair, skinny arms and legs and narrow hips." Record at 196. He found this picture in his search for child pornography. *Id.* at 195. The appellant conceded that the child's genitals were a "focal point" of the photo because "she is pulling down her underwear" and "[h]er legs are spread open wide," which "draws the eye to the pubic area." *Id*. at 195, 197-98. The caption to the image highlights the fact that the child's pubic area is a focal point: "Daddy…where is your condom?" *Id.* at 194. The setting of the image is sexually suggestive in that the child is posed on a black background dressed in short fingerless sheer gloves, a string bikini, and a feathered boa over her shoulders while lying on her back staring at the camera with her legs spread apart beyond ninety degrees. *Id*. 194-95, 197. The child is in an unnatural pose and in inappropriate attire, considering her young age. *Id*.at 197-98. She is topless and pulling back her string bikini, which partially exposes her pubic area and draws attention to her genital region. *Id*. at 196, 198. Her feet are drawn together near her genital region, further directing the viewer's attention to that area. The depiction clearly suggests willingness to engage in sexual activity. *Id*. at 198-99. Finally, the image itself is designed to elicit a sexual response in the viewer, even without the caption. *Id*. at 199.

We are convinced beyond a reasonable doubt that the image with Unique ID number 106470 meets the definition of sexually explicit conduct. After thoroughly reviewing the record to include the appellant's responses to the military judge's questions during the *Care* inquiry, and the stipulation of fact, we do not find a substantial basis in law or fact to question the plea. *Inabinette*, 66 M.J. at 321-22. We therefore decline to set aside the appellant's conviction on that specification.

**Search and Seizure**

In his first summary assignment of error, the appellant asserts the search and seizure of his laptop was unlawful.

The appellant pleaded guilty pursuant to a pretrial agreement in which he waived all nonwaivable motions, specifically including a motion to suppress any evidence seized by the Naval Criminal Investigative Service. Appellate Exhibit I, ¶ 16(h). The military judge conducted a substantial inquiry into this waiver on the record, where the appellant agreed that he was waiving a motion to suppress the search of his laptop and that he understood he would not be entitled to appellate relief on that motion. Record at 275-76.

Under these circumstances, he waived any claim relating to the improper search and seizure of his laptop. *See United States v. Lee*, 73 M.J. 166, 167 (C.A.A.F. 2014) (citing *United States v. Bradley*, 68 M.J. 279, 281 (C.A.A.F. 2010) ("An unconditional plea of guilty waives all nonjurisdictional defects at earlier stages of the proceedings.")). We therefore decline to grant relief.

**Legal and Factual Sufficiency**

In his third and fourth assignments of error, the appellant asserts that his conviction is both legally and factually insufficient where some of the evidence against him constituted thumbnail files and was acquired due to automatic caching of his internet browser and where some of the images were not verified by the NCMEC. We find these arguments inapplicable in light of the appellant's guilty pleas.

When an appellant pleads guilty, the providence of the plea rather than the sufficiency of the evidence must be analyzed. *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996). During the providence inquiry, the military judge must determine whether there is a "factual basis for the plea." RULE FOR COURTS-MARTIAL 910(e), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). There is no requirement that any independent evidence be produced to establish a factual basis for the plea. *Faircloth*, 45 M.J. at 174. Rather, the factual predicate is sufficiently established if "the factual circumstances as revealed by the accused himself objectively support that plea . . . ." *Id.* (citing *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980)).

The appellant's statements during the providence inquiry "raised no matters inconsistent with his guilty pleas, demonstrated that he was convinced of his guilt, and he was able to describe all the facts necessary to establish guilt, including adequate descriptions of the pornographic images at issue." *See United States v. Jones*, 69 M.J. 294, 300 (C.A.A.F. 2011) (citation and internal quotation marks omitted). Therefore, there is no substantial basis in law or fact to question the appellant's guilty pleas.

7

**Sentence Severity**

In his fifth assignment of error, the appellant contends that his sentence is inappropriately severe where the reason he was charged arose from his self-report to mental health professionals when he sought help to cease viewing child pornography.

"Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

After reviewing the entire record, we find that the sentence is appropriate for this offender and his offenses. *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005); *Healy*, 26 M.J. at 395-96; *Snelling*, 14 M.J. at 268.

**Judicial Impartiality**

In his final assignment of error, the appellant avers that the military judge's parents were seated in the gallery and observed the trial, and that this fact alone somehow made the military judge less than impartial. We find this contention to be wholly without merit. *United States v. Matias,* 25 M.J. 356, 363 (C.M.A. 1987).

**Conclusion**

Accordingly, the findings and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

8