Judge STUCKY
delivered the opinion of the Court.
Appellant was convicted, inter alia, of possessing images “that depict minors as sexual objects or in a sexually suggestive way,” in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2012). We granted review to determine (1) whether Appellant had fair notice that the charged conduct was prohibited and subject to criminal sanction and (2) whether the evidence of the charged conduct was legally sufficient. We hold that Appellant was not provided fair notice that his conduct was subject to criminal sanction. We therefore need not and do not reach the second issue.
I. Posture of the Case
Contrary to his pleas, Appellant was convicted by a military judge sitting alone as a general court-martial of one specification each of possession of child pornography, possession of images “that depict minors as sexual objects or in a sexually suggestive way,” obstruction of justice, and possession of drug paraphernalia, all in violation of Article 134, UCMJ, 10 U.S.C. § 934 (2012). He was sentenced to a bad-conduct discharge and one hundred days of confinement. The convening authority approved the adjudged sentence and the United States Army Court of Criminal Appeals (CCA) affirmed in a per curiam opinion. United States v. Warner, No. 20120499 (A.Ct.Crim.App. Feb. 14, 2013) (per curiam).
II. Background
With respect to the granted issues, Appellant was charged with the following specifications related to images seized from certain digital media:
Specification 2: In that [Appellant] did, at or near Fort Riley, Kansas, between on or about 6 April 2009 and on or about 17 November 2010, knowingly possess a Western Digital hard drive bearing serial number WCASU4440064, containing some images of child pornography, such conduct being prejudicial to good order and discipline in the armed forces and being of a nature to bring discredit upon the aimed forces.
Specification 3: In that [Appellant] did, at or near Fort Riley, Kansas, between on or about 6 April 2009 and on or about 17 November 2010, knowingly possess a Western Digital hard drive bearing serial number WCASU4440064, containing some images that depict minors as sexual objects or in a sexually suggestive way, such conduct being prejudicial to good order and discipline in the armed forces and being of a nature to bring discredit upon the armed forces.
To prove these specifications at trial, the Government introduced the charged images into evidence as Prosecution Exhibit 7. Prosecution Exhibit 7 contains folders of images specific to each specification. The folder for Specification 3 contains twenty unique images[1] of minor girls, none of which depicts nudity. Rather, these images depict minor girls posing provocatively in revealing clothing, with highly distasteful captions superimposed on the images.
While the military judge (MJ) took judicial notice of the federal definition of child pornography found in 18 U.S.C. § 2252A (2006), *3 for Specification 2, the record contains no definitions for “sexual objects” or “sexually suggestive.” The only mention at trial of the conduct charged in Specification 3 occurred during closing arguments, where the Government argued:
And, Your Honor, Specification 3 is child erotica, which minors portrayed [sic] in sexually suggestive ways, or as sexual objects, but they may be fully clothed. The photos on that disc, Prosecution Exhibit 7, contain several images of child erotica. This is also prejudicial to good order and discipline, and service discrediting.
The MJ convicted Appellant of both specifications, excepting the words “being prejudicial to good order and discipline in the armed forces”; thus the Appellant was convicted of service-discrediting conduct.
III. Law
Appellant did not object to Specification 3 at trial. Rather, he first presented the arguments set out in the granted issues in a motion for reconsideration before the CCA which was summarily denied. When not objected to at trial, defects in an indictment are reviewed for plain error. See United States v. Cotton, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). Under plain error review, “Appellant has the burden of demonstrating that: (1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the accused.” United States v. Wilkins, 71 M.J. 410, 412 (C.A.A.F.2012) (citation and quotation marks omitted).
IV. Discussion
A Error
The first and second clauses of A’-ticle 134, UCMJ, permit the criminalization of certain conduct not otherwise prohibited that is either prejudicial to good order and discipline or service discrediting. Article 134, UCMJ. It is settled that a servicemem-ber may be, prosecuted for service-discrediting conduct even if the conduct is not specifically listed in the Manual for Courts-Martial. United States v. Saunders, 59 M.J. 1, 6 (C.A.A.F.2003) (citing United States v. Vaughan, 58 M.J. 29, 31 (C.A.A.F.2003)). However, due process requires that a servieemember “have ‘fair notice’ that his conduct [is] punishable before he can be charged under A’ticle 134 with a service discrediting offense.” Vaughan, 58 M.J. at 31 (quoting United States v. Bivins, 49 M.J. 328, 330 (C.A.A.F.1998) (brackets in original), and citing Parker v. Levy, 417 U.S. 733, 756, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974)). Potential sources of fair notice may include federal law, state law, military case law, military custom and usage, and military regulations. Vaughan, 58 M.J. at 31.[2] The test for constitutional notice that conduct is subject to criminal sanction is one of law. It does not turn on whether we approve or disapprove of the conduct in question.
None of the potential sources identified in Vaughan provided notice to Appellant that possession of images that depict minors “as sexual objects or in a sexually suggestive way” was subject to sanction under Article 134. Athough Title 18 of the United States Code addresses at length and in considerable detail the myriad of potential crimes related to child pornography, these sections provide no notice that possession of images of minors that depict no nudity, let alone sexually explicit conduct, could be subject to criminal liability. See generally 18 U.S.C. ch. 110 (2012); see also United States v. Vosburgh, 602 F.3d 512, 538 (3d Cir.2010) (noting, in a prosecution for possessing child pornography, that images of “child erotica” were legal to possess, and admitted only to show intent to commit the charged offense); United States v. Gourde, 440 F.3d 1065, 1070 (9th Cir.2006) (recognizing that adult pornography and child erotica constitute “legal content”). Similarly, the Government has identified no state law that reaches Appellant’s conduct; on the contrary, each state law identified by the Government requires at *4 least that nudity be depicted. This assumes, without deciding, that state statutes could provide meaningful notice under Article 134 in the face of extremely detailed regulation of this area by Congress. Finally, nowhere does our ease law, customs of the services, or usage provide notice of criminality with respect to such material. Cf. United States v. Barberi, 71 M.J. 127, 130 (C.A.A.F.2012) (holding that images that do not depict a lascivious exhibition of the genitals or pubic area cannot constitute child pornography as defined by the federal statute).[3] Simply put, although child pornography is a highly regulated area of criminal law, no prohibition against possession of images of minors that are sexually suggestive but do not depict nudity or otherwise reach the federal definition of child pornography exists in any of the potential sources of fair notice set out in Vaughan and available to Appellant. It follows that the Appellant received no such notice.
B. Obvious and Prejudicial
At a minimum, an error is “plain” when it is “obvious” or “clear under current law.” United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (quotation marks omitted); see also Henderson v. United States, — U.S. -, 133 S.Ct. 1121, 1130, 185 L.Ed.2d 85 (2013) (holding that “whether a legal question was settled or unsettled at the time of trial, it is enough that an error be plain at the time of appellate consideration” (quotation marks omitted)). Here, the due process error— charging Appellant with conduct which he lacked fair notice was subject to criminal sanction — is obvious under current law: It is well settled, and was well settled at the time of Appellant’s court-martial, that a service-member must have fair notice that an act is criminal before being prosecuted. See Saunders, 59 M.J. at 6; Vaughan, 58 M.J. at 31. Appellant has further suffered material prejudice to his substantial rights, as he stands convicted of the conduct as to which he lacked notice.
V. Decision
The judgment of the United States Army Court of Criminal Appeals is reversed as to Specification 3 of Charge I and the sentence. The finding of guilty to Specification 3 of Charge I is set aside and the specification is dismissed. The judgment as to the remaining findings is affirmed. The record of trial is returned to the Judge Advocate General of the Army for remand to the Court of Criminal Appeals to reassess the sentence.

. The folder contains twenty-three total images, but three are duplicates.

. Appellant also contends that the specification is void for vagueness. While the due process concepts of fair notice and vagueness are related, see Parker v. Levy, 417 U.S. 733, 757, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974), we need not decide whether a specification is unconstitutionally vague where, as here, Appellant lacked fair notice that the alleged conduct was forbidden.

. The Government argues that Appellant should have had notice that his conduct was subject to punishment under Article 134, UCMJ, based on this Court’s decision in United States v. Mason, 60 M.J. 15 (C.A.A.F.2004). However, Mason was a case about plea providence which involved child pornography; notice was never discussed. There was no question in Mason that the accused was on notice that the charged conduct was subject to criminal sanction; he was charged with receipt of child pornography as defined by the Child Pornography Prevention Act of 1996, 18 U.S.C. § 2252A (2000). Id. at 17.