# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist DANA P. BLOUIN**
**United States Army, Appellant**

ARMY 20121135

Headquarters, 25th Infantry Division
Michael J. Hargis, Military Judge
Colonel Mark A. Bridges, Staff Judge Advocate

For Appellant: Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Jacob D. Bashore, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain Samuel Gabremariam, JA (on brief).

28 May 2014

---------------------------------
OPINION OF THE COURT
---------------------------------

KRAUSS, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of possession of child pornography as defined in 18 U.S.C. § 2256(8) which conduct was prejudicial to good order and discipline in the armed forces in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for six months, and reduction to the grade of E-1.

This case is before the court for review under Article 66, UCMJ. Appellant assigns two errors and raises a number of matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We have considered those matters personally raised by appellant pursuant to *Grostefon*, and find they are without merit. Appellant's assignment of error asserting that his plea should be rejected

because the photographs upon which it was based are not "child pornography" warrants discussion but no relief.

## BACKGROUND

Appellant was charged with possession of child pornography as defined under 18 U.S.C. § 2256(8).[1] The stipulation of fact included the following relevant

---

[1] 18 U.S.C. §2256(8) defines "child pornography" as:

> [A]ny visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--
>
> (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;
>
> (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or
>
> (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

18 U.S.C. §2256(2)(A) defines "sexually explicit conduct" for §2256(8)(A) and (C) as "actual or simulated--"

> (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
>
> (ii) bestiality;
>
> (iii) masturbation;
>
> (iv) sadistic or masochistic abuse; or
>
> (v) lascivious exhibition of the genitals or pubic area of any person.

information:

> A search of the accused's digital media revealed approximately six hundred and thirty three (633) images of suspected child pornography. The majority of these images included young girls, ranging from the age of approximately six (6) years of age to fourteen (14) years of age either nude in sexually suggestive poses or clothed in a manner a child that was [sic] not age appropriate and posed in a sexually suggestive manner with the focal [sic] of the image being on the genital or pubic region of the child.
>
> . . .
>
> Although there were approximately six hundred and thirty three (633) suspected child pornography images located on the accused's digital media, only approximately one hundred and seventy-three (173) images are likely child pornography as defined by 18 U.S.C. § 2256(8). These images contain children who are under the age of eighteen (18) and are displaying a lascivious exhibition of the genitals or pubic area.

During the providence inquiry, appellant admitted that he possessed child pornography as defined by the military judge,[2] and appellant described why he

---

[2] The judge defined lascivious exhibition as follows:

> "Lascivious" means exciting sexual desires or marked by lust. Not every exposure, for example, of the genitals or pubic area constitutes a lascivious exhibition. Consideration of the overall content of the visual depiction needs to be made in determining whether it constitutes a lascivious exhibition. In making this determination, we should consider such factors as whether the focal point of the depiction is on the genitals or pubic area, whether the setting is sexually suggestive, whether the child is depicted in unnatural pose, or in inappropriate attire considering the child's age, whether the child is partially clothed or nude, whether the depiction suggest [sic] sexual coyness or willingness to engage in sexually

(continued . . .)

believed and understood that the images he possessed included the lascivious exhibition of minors' genitals or pubic area.

Of the 173 images that were "likely child pornography," the government introduced into evidence 12 images as a "sample." Upon review of these 12 images, the judge reopened the providence inquiry. Upon completion of that additional inquiry, the judge excluded all but 3 images from consideration as child pornography. Based on those 3 images, the judge accepted appellant's plea to the charge and its specification and made reference to *United States v. Knox*, 32 F.3d 733 (3d Cir. 1994), for the proposition that "it can be a lascivious exhibition even if the genitals and the pubic area are clothed."[3]

The three images depict the following:

Image 1229718342693.jpeg: A young girl in a studio setting posed on her knees with her rear end elevated and facing the camera. Her buttocks are exposed and her torso is bent down to the floor resting on her left shoulder and turned so that her face is also turned toward the camera. She is wearing a white g-string that just covers her genitals: her labia majora and her anus are partially visible. She is wearing a semi-sheer spaghetti-strap lace top and thigh-high white stockings edged in lace. She holds a white boa aloft with her right hand. She appears to be wearing lipstick or lip gloss. At the bottom of the photo, an internet site is displayed: www.vladmodels.ru.

Image 1229720242042.jpeg: It may be the same young girl as the first image, in a similar studio setting, dressed in the same way except with no boa. She is posed standing bent-over at the waist leaning on a chair with her buttocks exposed facing

---

(. . . continued)
> [sic] activity, and whether the depiction is intended to elicit a sexual response in the viewer as well as other factors that may be equally if not more important in determining whether a visual depiction is a lascivious exhibition. A visual depiction, however, may not involve all these factors to be a lascivious exhibition.

[3] The military judges' benchbook makes reference to *Knox* for the same proposition. *See* Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook [hereinafter Benchbook], para. 3-68B-1.e(2) (1 Jan. 2010) (Approved Changes, 17 Feb. 2012) (citing *Knox*, 32 F.3d 733) ("'Lascivious exhibition of the genitals or pubic area of any person' does not require nudity; the minor or other person in the depiction with the minor may be clothed, provided the genitals or pubic area is a focus of the depiction.").

the camera. Her right foot is on tip toe elevating her right buttock. Her labia majora are partially exposed, but otherwise covered by a white g-string. Her head is turned to the right over her right shoulder so that her face is also toward the camera, and her hair is long and hangs loosely over her body. The same internet site as in the first image is displayed along the side of the photo.

Image 1229721479281.jpeg: A young girl is lying on the floor on her left side with her head resting on her hands and she is looking upwards with a slight smile. She is wearing a wrist band on her left wrist, a floral sleeveless shirt, and white bikini panties with blue or gray trimming. Her legs are spread open and the photograph is centered on her pubic area: her left leg is on the floor bent at the knee at a ninety-degree angle, and her right knee is also bent at a ninety-degree angle facing the ceiling, with her toes pointed and heel elevated, causing her panties to be pulled toward the left creating a shadowed area between her panties and her vulva. Her pubic area is covered almost entirely, if not entirely, by the panties. At the top left corner of the photo, the words "magazine fashion" appear, and at the bottom right corner, the website address "magazine-fashion.com" appears.

## LAW AND ANALYSIS

We agree with the military judge, endorse reference to *Knox* in the Benchbook, offer this decision to establish precedent on a subject not yet directly addressed in a published opinion in our jurisdiction, and hold that nudity is not required to meet the definition of child pornography as it relates to the lascivious exhibition of genitals or pubic area under Title 18 of the United States Code or Article 134, UCMJ (child pornography), *Manual for Courts-Martial*, *United States* (2012 ed.) [hereinafter *MCM*], pt. IV, para. 68b.[4]

Child pornography includes images depicting minors engaged in sexually explicit conduct. Sexually explicit conduct includes lascivious exhibition of the genitals or pubic area of, in relation to the case at hand, the minor depicted. 18 U.S.C. § 2256 (2)(A)(v), (8); *MCM* (2012 ed.), pt. IV, para. 68b.c(1) and 68.c(7)(e). Neither Congress nor the President provides definition of "lascivious exhibition."

---

[4] Recognizing that appellant was charged with possession of child pornography as defined by 18 U.S.C. § 2256(8) under clause 1 of Article 134, UCMJ, and that appellant's offenses were committed before the effective date of paragraph 68b ("child pornography") in part IV of the *MCM* (2012 ed.), we reference both because the two definitions are essentially identical on this particular matter and warrant the same interpretation. *See also MCM* (2012 ed.), App. 23, Analysis of Punitive Articles, para. 68b, at A23-22.

In *Knox*, the Third Circuit Court of Appeals analyzed the federal child pornography statute and held that nudity or "discernibility" of the genitals or pubic area is not required to establish whether an image depicts a "lascivious exhibition" of the same for purposes of that statute. 32 F.3d at 746-52.[5] Rather, we determine whether an image contains a "lascivious exhibition" by review of the totality of the circumstances, including consideration of the so-called *Dost* factors. *See United States v. Roderick*, 62 M.J. 425, 429-30 (C.A.A.F. 2006) (adopting the approach of the Third Circuit in *Knox* but not specifically referencing their holding relative to nudity).[6]

The military judge, here, properly and comprehensively defined child pornography, and appellant acknowledged his understanding of the definitions and proceeded to discuss his wrongful possession of the same. Appellant admitted that

---

[5] Three additional circuits have essentially endorsed the *Knox* holding on this matter. *See United States v. Grimes*, 244 F.3d 375, 380-82 (5th Cir. 2001); *United States v. Horn*, 187 F.3d 781, 789 (8th Cir. 1999); *United States v. Williams*, 444 F.3d 1286, 1299 n.63 (11th Cir. 2006), rev'd on other grounds, 553 U.S. 285 (2008). We find no circuit that rejects or undermines that holding in *Knox*.

[6] The *Dost* factors are:

> (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
>
> (2) whether the setting of the visual depiction is sexually suggestive, i.e. in a place or pose generally associated with sexual activity;
>
> (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
>
> (4) whether the child is fully or partially clothed, or nude;
>
> (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;
>
> (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Roderick*, 62 M.J. at 429 (quoting *United States v. Dost,* 636 F. Supp. 828, 832 (S.D. Cal. 1986), *aff'd sub nom. United States v. Wiegand,* 812 F.2d 1239 (9th Cir. 1987)).

the photos depicted underage girls "in sexual, provocative poses," that "the photos are focused on their genital area," and that the girls "were not wearing the right attire – appropriate attire for their age." He admitted that he searched on the internet for "pictures and images" of "children under the age of 18 . . . that were sexual in nature" and he admitted that he was looking for "child pornography" as defined by the military judge. He admitted that the file names of the images he downloaded from the internet "indicated to [him] that they were child pornography." He admitted that the photos he looked at "were underage children between the ages of 12 and 17. They were specifically bringing the attention to their genital area. Some of them were wearing provocative clothing, unsuitable for underage kids." He admitted "[t]hey were in sexual poses. They were flirtatious poses where one girl would be bent over with her finger in her mouth of [sic] something or touching herself inappropriately."

Appellant further admitted that the photos he possessed contained "lascivious exhibition of the genitals or pubic area." The judge repeated the definition of lascivious exhibition for him, and appellant then admitted that "[o]ne of the pictures, she was bent over with her butt in the air, wearing a G-string. By the way she looked, the development of her physique, she was obviously between 12 and 14. And the way that her butt was in the air, it was obvious [sic] directed to her pubic area." When asked whether he could see her genitals or pubic area, appellant stated that "[s]he was wearing revealing lingerie but you couldn't see it entirely," that it was not "unclothed," but he could "see her pubic area." Appellant admitted that though clothed, the girl's genitals or pubic area was the focus of the photograph, that it was clear to him that the photographer wanted the viewer to see her genitals or pubic area, that the girl bent over "with her butt in the air" was not a normal position for a 13- or 14-year-old, and that position struck him as "a sexual, provocative pose."

Appellant additionally admitted that he believed the photographer intended that pose to elicit some sort of sexual response in somebody who might see it, which was why he downloaded those images, that the images were sexually exciting to him, and that they elicited a sexual response from him.

He then described another image where "the girl is laying down with her legs displayed open and her shorts are kind of pulled to the side, directing her eyes to her genital area" with her genital and pubic area partially visible. Appellant admitted that even though clothed, the girl's genital area was visible in that photograph and that the genital area and pubic area were in the center of the photograph. It appeared to appellant that the photographer wanted "[t]o elicit a sexual arousement [sic] from the person viewing the photo" and that he wanted the viewer to focus on the genital area. Appellant admitted that the girl, whom he determined to be between the ages of 12 and 14 based on "the development of her physique, the lack of curves, the

height, and the facial features," was posed in a sexually suggestive way that was not appropriate for a person of that age.

Appellant also admitted that the remainder of the photographs contained similar depictions that could be characterized by the same lascivious exhibition of the genitals or pubic area of underage girls posed to elicit a sexual response.

Our review of the three images comports with the appellant's admissions. Though images that contain clothed minors may provide a basis upon which an accused might contest whether the photographs constitute child pornography, appellant did not do so but rather pled guilty. The record establishes a knowing, intelligent, and voluntary plea supported by the admission of facts sufficient to resolve that the three images at issue constitute child pornography. Even though the genitals and pubic area of the girls depicted are covered by opaque clothing, based on the record as a whole, it is appropriate to accept the appellant's admissions that those areas are the central focus of the images, that the girls are posed in a sexually provocative manner inappropriate for their age, that the photos were intended to incite a sexual response, and that appellant experienced a sexual response. Considering the totality of the circumstances present in this record, we find the images depict lascivious exhibitions of the minors' genitals or pubic area. *See Roderick*, 62 M.J. 425; *Knox*, 32 F.3d 733.[7]

Our superior court's decision in *United States v. Warner*, 73 M.J. 1 (C.A.A.F. 2013), does not affect this conclusion. In *Warner*, the appellant was not charged with possession of child pornography, but rather possession of images that "depict[ed] minors as sexual objects or in a sexually suggestive way." 73 M.J. at 2. No definitions of those terms were provided at trial, and the court concluded, "no prohibition against possession of images of minors that are sexually suggestive but do not depict nudity *or otherwise reach the federal definition of child pornography* exists in any of the potential sources of fair notice." *Id.* at 2-3, 4 (emphasis added). The court, therefore, held that appellant was not on fair notice that possession of images described in that fashion violated Article 134, UCMJ. *Id.* at 3-4.

Nothing in the *Warner* decision repudiates adoption of the *Knox* totality of circumstances test for determining whether images contain a lascivious exhibition of genitals or pubic area, including consideration of the fact as to "whether the child is fully or partially clothed, or nude," or otherwise undermines the *Knox* court's statutory analysis and interpretation holding that neither the plain language of the

---

[7] Whether the photos in this case depict fully or partially clothed genitals or pubic areas, the analysis and our conclusion is the same. *See Roderick*, 62 M.J. 425; *Knox*, 32 F.3d 733.

statute nor the statute's legislative history evince an intent to require nudity as integral to the definition of child pornography under the federal statute. *See Roderick*, 62 M.J. at 429-30 (including quotation from *Dost*, 636 F. Supp. at 832); *Knox*, 32 F.3d at 746-52.

We, therefore, find no substantial basis in law or fact to reject appellant's plea. *See United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Senior Judge LIND and Judge BORGERDING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court