UNITED STATES, Appellee

v.

Dana P. BLOUIN, Specialist
U.S. Army, Appellant

No. 14-0656

Crim. App. No. 20121135

United States Court of Appeals for the Armed Forces

Argued February 10, 2015

Decided June 25, 2015

ERDMANN, J., delivered the opinion of the court, in which STUCKY
and OHLSON, JJ., joined.  BAKER, C.J., filed a dissent in which
RYAN, J., joined.

Counsel


For Appellant:  Captain Heather L. Tregle (argued); Colonel
Kevin Boyle, Lieutenant Colonel Jonathan F. Potter, and Major
Aaron R. Inkenbrandt (on brief); Major Jacob D. Bashore, and
Captain Brian J. Sullivan.

For Appellee:  Captain Benjamin W. Hogan (argued); Colonel John
P. Carrell (on brief); Major A. G. Courie III, and Captain
Samuel Gabremariam.

Military Judge:  Michael J. Hargis


**This opinion is subject to revision before final publication.**

United States v. Blouin, No. 14-0656/AR

Judge ERDMANN delivered the opinion of the court.

Specialist (E-4) Dana P. Blouin was charged with possession of child pornography as defined in 18 U.S.C. § 2256(8), in violation of Article 134(1), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006). Consistent with his plea, Blouin was convicted of the charge by a military judge sitting as a general court-martial. The military judge sentenced Blouin to a bad-conduct discharge, six months of confinement, and a reduction to E-1. The convening authority approved the sentence as adjudged. The United States Army Court of Criminal Appeals (CCA) affirmed the findings and sentence. United States v. Blouin, 73 M.J. 694, 699 (A. Ct. Crim. App. 2014). We granted review to determine whether the military judge erred in accepting Blouin's guilty plea.[1] We hold that the record reflects a substantial basis in law and fact for questioning the plea and therefore reverse the CCA.

---

[1] We granted review of the following issue:

> Whether the military judge erred by accepting Appellant's pleas of guilty to the specification of the charge where Prosecution Exhibit 4 demonstrated that the images possessed were not child pornography.

United States v. Blouin, 74 M.J. 55 (C.A.A.F. 2014) (order granting review).

## Background

During the providence inquiry, the military judge provided Blouin with the following relevant definitions from 18 U.S.C. § 2256:

> The phrase "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or such visual depiction has been created, adapted, modified to appear that an identifiable minor is engaging in sexually explicit conduct.

> Except as noted below, the phrase, "sexually explicit conduct" means actual or simulate [sic], . . . lascivious exhibition of the genitals or pubic area of any person.

> When the visual depiction is a digital image, . . . the phrase "sexually explicit conduct" means . . . graphic or simulated lascivious exhibition of the genitals or pubic area of any person.

> . . . .

> "Graphic", when used with respect to depiction of sexually explicit conduct, means that a viewer can observe any part of the genitals or pubic area of any depicted person or animal during any part of the time that the sexually explicit conduct is being depicted.

> Now, Specialist Blouin, do you understand the elements and definitions of this offense as I've read them to you?

> [Blouin]: Yes, sir.

     MJ:  And I know that's a lot to digest.  Do you
     understand what I've just told you?

     [Blouin]:  Yes, sir.

     MJ:  Do you have any questions about what I just told
     you?

     [Blouin]:  No, sir.

     MJ:  Do you understand that your plea of guilty admits
     that these elements accurately describe what you did?

     [Blouin]:  Yes, sir.

     MJ:  Do you believe and admit that the elements and
     the
     definitions taken together do describe what you did?

     [Blouin]:  Yes, sir.

The military judge went on to discuss the images viewed by Blouin and asked him to describe why the images constituted lascivious exhibitions of the genitals or pubic area.  In response, Blouin described two of the images in detail.  In questioning Blouin about the images, the military judge asked him on several occasions whether the genitals or pubic area were visible "even though clothed."  Blouin agreed that the areas in question were clothed.

At the close of the inquiry, the military judge accepted Blouin's guilty plea.  However, during sentencing the military judge reviewed Prosecution Exhibit 4, a compact disk which contained the twelve images of purported child pornography to which Blouin had pleaded guilty to possessing.  Based on his review, the military judge reopened the providence inquiry.

4

The military judge asked Blouin whether the images that he had described during the providence inquiry were contained in Prosecution Exhibit 4. Blouin responded that they were. The military judge then asked whether Blouin had opened all the images and Blouin responded that he had. Blouin then reasserted that he thought the twelve images constituted child pornography consistent with the definitions that the military judge had provided.

However, the military judge then held:

> Counsel, having to [sic] review Prosecution Exhibit 4, I only find three images of child pornography. I find image 1229718342693.JPEG, image 1229720242042.JPEG, and image 1229721479281.JPEG meet the definition of child pornography. The balance of the images on Prosecution Exhibit 4 do not meet that definition. Given further inquiry, I do believe that the accused is guilty of the offense as charged and I stand by my findings. Although as to those three images, I think counsel would be wise to review [United States vs. Knox 32 F.3d 733 (3d Cir. 1994)], that it can be a lascivious exhibition even if the genitals and the pubic area are clothed. So, I stand by my findings.

On appeal before the CCA, Blouin asserted that the three images for which he was found guilty did not meet the definition of child pornography set forth in 18 U.S.C. § 2256(8). The CCA rejected Blouin's argument and affirmed the conviction. Blouin, 73 M.J. at 695. In affirming Blouin's conviction, the CCA:

> endorse[d the] reference to Knox in the Benchbook [and] offer[ed its] decision to establish precedent on a subject not yet directly addressed in a published opinion in our jurisdiction, and hold that nudity is not required to meet the definition of child pornography as it relates to the lascivious exhibition

5

> of genitals or pubic area under Title 18 of the United
> States Code or Article 134, UCMJ.

73 M.J. at 696.

## Discussion

Before this court, Blouin again asserts that the three images for which he was found guilty of possessing child pornography do not meet the statutory definition of 18 U.S.C. § 2256(8). Blouin also contends that, despite finding he was incorrect as to what constituted child pornography in nine of the twelve images in Prosecution Exhibit 4, the military judge failed to ensure that he understood why those images did not meet the definitions. Blouin further argues that the military judge and the CCA erred in adopting the rationale of Knox II.[2]

The government counters that this court should adopt Knox II for the proposition that nudity or discernibility of the genitalia or pubic area is not required to establish whether an image is "graphic" as defined in 18 U.S.C. § 2256. The government further argues that, even if this court does not adopt Knox II, the photographs at issue nevertheless meet the definition of graphic as well as the factors used to determine what constitutes a lascivious exhibition as set forth in United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986).

---

[2] There are two relevant Knox decisions from the United States Court of Appeals for the Third Circuit: United States v. Knox, 977 F 2d. 815, (3d Cir. 1992), vacated and remanded, 510 U.S. 939 (1993) (Knox I); United States v. Knox, 32 F.3d at 736, (3d Cir. 1994) (Knox II).

<u>18 U.S.C. § 2256 -- Definitions</u>

In 2003, 18 U.S.C. § 2256 was amended by Congress in response to the Supreme Court's decision in <u>Ashcroft v. Free Speech Coal.</u>, 535 U.S. 234 (2002).  <u>See</u> <u>United States v. Williams</u>, 553 U.S. 285, 289 (2008) ("After our decision in <u>Free Speech Coal.</u>, Congress went back to the drawing board . . . ."); <u>see also</u> S. Rep. No. 108-2, at 1; H.R. Rep. No. 108-66, at 30. Congress altered the statute in order to limit the "virtual child" defense being successfully used in the wake of <u>Ashcroft</u>, while maintaining the statute's constitutionality.  S. Rep. No. 108-2, at 4-7, 13 ("S. 151 is designed to aid child pornography prosecutions in a constitutionally responsible way.").

Congress did this, in part, by amending the definition of "child pornography" found 18 U.S.C. § 2256(8).[3]  Subsection

---

[3] 18 U.S.C. § 2256(8) provides:

"child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where --

(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

(B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or

(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

7

(8)(A) contains the original language of the statute and makes criminal any photograph, film, video, or picture of actual children engaging in sexually explicit conduct.  Congress added subsections (B) and (C) as the result of the 2003 amendments.[4] Subsection (B) makes criminal digital images of either actual children or those indistinguishable from actual children engaging in sexually explicit conduct.  Congress also added the requirement in subsection (B) that, in addition to being lascivious, all digital images must be "graphic," which means that a "viewer can observe any part of the genitals or pubic area of any depicted person."  S. Rep. No. 108-2, at 6-7, 13. The more onerous "graphic" requirement applies only to digital images because of the constitutional danger that the images might not be of actual children.  Id.

The distinctions between the subsections are not inconsequential.  For example, if an accused were charged under subsection (A), the government would not need to prove the images at issue were "graphic," but would need to prove the images were of real children.  Compare 18 U.S.C. § 2256(8)(A), with 18 U.S.C. § 2256(8)(B).  If charged under subsection (B), the government would need to prove the digital images were both

---

[4] Subsection (C), which makes criminal images which have been "morphed" or altered in such a way as to appear that an identifiable minor is engaging in sexually explicit conduct, is not at issue in this appeal.

graphic and lascivious, but would not be required to show the minors were actual children.  Id.

### United States v. Knox

The military judge and the CCA both relied on Knox II for the principle that a conviction under 18 U.S.C. § 2256 does not require images that contain nudity.  In its opinion, the CCA noted that its adoption of the Knox II standard was to "establish precedent on a subject not yet directly addressed in a published opinion in our jurisdiction."  Blouin, 73 M.J. at 697.  We decline to accept the CCA's invitation to adopt the Knox II standard as controlling precedent in this jurisdiction.

In Knox I, the issue was whether, "videotapes that focus on the genitalia and pubic area of minor females constitute an 'exhibition of the genitals or pubic area' under the federal child pornography laws, even though those body parts are covered by clothing."  977 F.2d at 817 (citations omitted).  The Third Circuit held that "such visual depictions do qualify as an exhibition."  Id.  On appeal to the Supreme Court, the solicitor general argued that "the plain language of the statute require[ed] the genitals or pubic area exhibited to be at least somewhat visible or discernible through the children's clothing."  Knox II, 32 F.3d at 737.  The Supreme Court remanded the case to the Third Circuit and ordered the court to reconsider its opinion in light of the government's argument.

United States v. Blouin, No. 14-0656/AR

Id.  Despite the position of the solicitor general, on remand the Third Circuit again held that the "federal child pornography statute, on its face, contains no nudity or discernibility requirement, that non-nude visual depictions, such as the ones contained in this record, can qualify as lascivious exhibitions."  Id.

There are several problems with the lower courts' reliance on Knox II in the present case.  Initially, Knox II was decided in 1994 and 18 U.S.C. § 2256 was amended in 2003.  The 2003 amendments added the "graphic" requirement for digital images. See Pub. L. No. 108-21, § 502(c) (2003).  Accordingly, "the requirement that lascivious exhibitions be 'graphic' under the PROTECT Act's amended obscenity definition likely eliminates a Knox result under the obscenity statute."  United States v. Williams, 444 F.3d 1286, 1299 n.63 (11th Cir. 2006).

In addition, despite the CCA's assertion to the contrary, at least two federal circuits have undermined Knox II, including the Third Circuit itself.  See United States v. Vosburgh, 602 F.3d 512, 538 (3d Cir. 2010) (noting in a prosecution for possessing child pornography that images of "child erotica" were legal); United States v. Gourde, 440 F.3d 1065, 1070 (9th Cir. 2006) (recognizing that adult pornography and child erotica constitute "legal content"); see also United States v. Warner, 73 M.J. 1, 3 (C.A.A.F. 2013) ("Title 18 of the United States

10

United States v. Blouin, No. 14-0656/AR

Code addresses at length and in considerable detail the myriad of potential crimes related to child pornography, these sections provide no notice that possession of images of minors that depict no nudity, let alone sexually explicit conduct, could be subject to criminal liability."); United States v. Roderick, 62 M.J. 425, 429 (C.A.A.F. 2006). Finally, neither the CCA nor the government have cited any case which has adopted the rationale of Knox II as applied to 18 U.S.C. § 2256(8)(A)-(C) after its 2003 amendment.[5] Accordingly, the military judge and the CCA adopted an erroneous view of the law when they relied on Knox II to support their decisions.

### Providence of the Plea

We review a military judge's acceptance of a guilty plea for an abuse of discretion. United States v. Finch, 73 M.J. 144, 148 (C.A.A.F. 2014), cert. denied, 135 S. Ct. 98 (2014). "If an accused sets up matter inconsistent with the plea at any time during the proceeding, the military judge must either resolve the apparent inconsistency or reject the plea." United States v. Moon, 73 M.J. 382, 386 (C.A.A.F. 2014). In reviewing

---

[5] The only post-2003 case cited by the government and the CCA is Williams, 444 F.3d at 1299 n.63. The issue in Williams was a pandering charge, which is not analogous to the charge in this case. Indeed, as noted above, Williams actually held that "the PROTECT Act's amended obscenity definition likely eliminates a Knox result under the obscenity statute." Id. However, as there is no consensus by the federal circuit courts on Knox II, or even within the Third Circuit, we look to our precedent. See Warner, 73 M.J. at 3; Roderick, 62 M.J. at 429.

11

a military judge's decision to accept a guilty plea, "we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea."  United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F. 2008).  "Additionally, any ruling based on an erroneous view of the law also constitutes an abuse of discretion."  Id.  Finally, we have long held that any guilty plea must be both knowing and voluntary.  See United States v. Care, 18 C.M.A. 535, 538-39, 40 C.M.R. 247, 250-51 (1969).  Citing to Care, this court has held that "[t]he providence of a plea is based not only on the accused's understanding and recitation of the factual history of the crime, but also on an understanding of how the law relates to those facts."  United States v. Medina, 66 M.J. 21, 26 (C.A.A.F. 2008).

The military judge provided Blouin with three mutually exclusive definitions reflecting the three subsections of 18 U.S.C. § 2256(8) but he was not advised as to which of the three subsections he was charged with.  Indeed, the military judge's instructions, the charge sheet, the plea inquiry, the pretrial agreement, and the stipulation of fact all fail to establish which subsection Blouin was charged under and which subsection he pled guilty to.  As noted earlier, the

distinctions between the subsections are not inconsequential and nowhere in the record is this inconsistency clarified.  To be clear, it is not necessary for the charge or plea inquiry to specify a subsection under 18 U.S.C. § 2256 if the applicable subsection is clear from the record and there is no inconsistency.  However, in this case, without knowledge of which subsection he was pleading guilty to, Blouin could not have an understanding as to how the law related to his factual admissions.

Further, after accepting Blouin's plea to all twelve images contained in Prosecution Exhibit 4, the military judge reviewed the images.  Based upon that review, he determined that Blouin had pled guilty to possessing nine images of purported child pornography which did not meet the definitions in 18 U.S.C. § 2256.  Despite this indication that Blouin had not understood the definitional instructions, the military judge failed to advise Blouin why the nine images failed to qualify as child pornography.  Nor did the military judge take any steps to ascertain why Blouin believed the remaining three images did constitute child pornography while the nine images did not.  Due to the inconsistencies in the manner in which the offenses were explained to Blouin, combined with the military judge's failure to make further inquires once he ruled that nine of the images to which Blouin had already pleaded guilty did not constitute

13

child pornography, there exists a substantial basis in law and fact to question the providence of the guilty plea.

## Decision

The decision of the United States Army Court of Criminal Appeals is reversed and the findings and sentence are set aside. The record is returned to the Judge Advocate General of the Army.  A rehearing is authorized.

United States v. Blouin, No. 14-0656/AR

BAKER, Chief Judge, in which RYAN, J., joins (dissenting):

This is a guilty plea case. The question presented is whether there is a substantial basis in law or fact to question the plea. Appellant admitted to possessing child pornography. He further admitted that at least one of these pictures depicted a "lascivious exhibition of the genitals or pubic area." The military judge confirmed through his own review that at least one such picture did in fact constitute child pornography as defined in subsection 8(A). Nonetheless, the majority concludes that Appellant's plea is improvident because the military judge, who had not seen all 173 images of "likely child pornography" found in Appellant's possession, initially provided Appellant the definitions of child pornography corresponding to subsections 8(A) and 8(B) of the Child Pornography Prevention Act (CPPA). The military judge during sentencing subsequently concluded that some of the pictures in question did not meet the definition of child pornography, without clearly stating whether he was applying the definition applicable to subsection 8(A) or 8(B). Thus, the majority concludes, Appellant, who was trying to plead guilty to possessing child pornography, did not providently do so because he could not be certain which kind of child pornography he was guilty of possessing, subsection 8(A) child pornography or subsection 8(B) child pornography, and whether the pictures satisfied one or both definitions.

The majority opinion rests on incongruous positions.  The majority concludes that Appellant's plea was not provident because the military judge failed to clarify the subsection of the CPPA with which Appellant was being charged.  At the same time, in declining to adopt United States v. Knox (Knox II), 32 F.3d 733 (3d Cir. 1994), on the basis that it is inapplicable, the majority assumes that the military judge applied subsection 8(B) of the CPPA.  United States v. Blouin, __ M.J. __, __ (11-14) (C.A.A.F.).  This must be the case, as the majority does not elaborate on why Knox II is inapplicable to subsection 8(A), which contains identical language to the pre-2003 version of the CPPA the Knox II court interpreted.  I disagree with both the majority opinion's initial premise, and the conclusions it reaches in reliance on this premise.

In the instant case, there is no "substantial basis in law or fact for questioning the plea."  United States v. Passut, 73 M.J. 27, 29 (C.A.A.F. 2014) (citing United States v. Schell, 72 M.J. 339, 345 (C.A.A.F. 2013)).  First, it is clear considering the plea colloquy in its totality that the military judge was applying subsection 8(A) of the CPPA.  Further, although the military judge may have caused nominal confusion by reopening the plea colloquy, any uncertainty is not a substantial basis to question the plea under the circumstances of this case.  Finally, the military judge did not err in applying Knox II

2

during the plea colloquy, as Knox II remains good law and instructive as to the application of subsection 8(A) of the CPPA.

For all these reasons, I respectfully dissent from this Court's opinion.

## DISCUSSION

I.  Appellant's Guilty Plea to Subsection 8(A)

The majority opinion argues that there is a substantial basis to question Appellant's plea because the military judge did not specify whether Appellant was charged under subsection 8(A) or 8(B) of the CPPA.  As the majority opinion notes, the military judge recited the definitions for two categories of child pornography proscribed under subsections 8(A) and (B) of the CPPA, without specifying which subsection was applicable. However, which subsection applied, if any, depended on Appellant's knowledge of the pictures he possessed, and how he described them to the military judge as part of the plea colloquy.  After Appellant described his conduct, it became apparent that the military judge intended to, and was accepting, a guilty plea to subsection 8(A), requiring Appellant to stipulate to possessing child pornography using actual minors, with no requirement that the images also be "graphic."

During the plea colloquy, before the military judge reviewed the sample photographs in Prosecution Exhibit 4 (PE 4),

3

the military judge provided the definition of child pornography

corresponding with charges brought under subsection 8(A), which

does not contain a "graphic" requirement:

> MJ:  Now, I gave you the definition of sexually
> explicit conduct.  Do you recall that definition?
>
> ACC:  Yes. . . .
>
> MJ:  Okay.  Did any of the images involve children
> engaging in sexual intercourse . . . either amongst
> themselves or with adults?
>
> ACC:  No, sir.
>
> MJ:  Did any of them involve bestiality?
>
> ACC:  No, sir.
>
> MJ:  Did any of them involve masturbation?
>
> ACC:  No, sir.
>
> MJ:  Did any of them involve sadistic or masochistic
> abuse?
>
> ACC:  No, sir.
>
> MJ:  The last category of sexually explicit conduct is
> lascivious exhibition of the genitals or pubic area.
> Now, what I hear you telling me is that's the kind of
> image that you downloaded either through Google or
> P2P.  Is that accurate?
>
> ACC:  Yes, sir.

The military judge's description of "[t]he last category of

sexually explicit conduct" was taken verbatim from the

definition applicable to subsection 8(A).  The military judge at

no point indicated during the plea colloquy that he was instead

applying the definition under subsection 8(B), which defines

"sexually explicit conduct" as "<u>graphic or simulated</u> lascivious exhibition of the genitals or pubic area of any person."  18 U.S.C. § 2256(2)(B)(iii) (emphasis added).  Immediately after providing this definition, the military judge proceeded to discuss the two sample images described earlier.  Even after reviewing the sample images, the military judge again recited the definition of child pornography applicable to subsection 8(A), asking Appellant:  "Both these photographs that we've talked about, do you believe that they were a lascivious exhibition of the genitals or pubic area of the subject of the photograph as I've described that term for you?"  Yet again, the military judge did not mention a "graphic" requirement.

In my view, the military judge's repeated recitation of the definition applicable to subsection 8(A), both before and after analyzing the sample images, makes plain that Appellant was pleading guilty to violating subsection 8(A), not subsection 8(B), of the CPPA.  While the military judge could have expressly stated that he was applying subsection 8(A), the plea colloquy was not so ambiguous that it would cause confusion as to which subsection of the CPPA applied.[1]

---

[1] The military judge's review of the sample images during the plea colloquy was thorough, to ensure that the images were, indeed, "lascivious," as required under subsection 8(A) of the CPPA.  Therefore, the fact that the military judge did not discuss the "graphic" requirement under subsection 8(B) with

Significantly, there is no indication in the record that Appellant or defense counsel was actually confused. Appellant was engaged in his plea colloquy, at one point asking the military judge to repeat the definition of "lascivious" that was previously provided, and at another point conferring with defense counsel before responding to the military judge's questions.

## II. Matters Inconsistent with the Plea

The majority opinion also contends that there is a substantial basis to question the plea because of the military judge's "failure to make further inquiries once he ruled that nine of the images to which Blouin had already pleaded guilty

---

Appellant does not suggest that the military judge was careless or inattentive. Rather, this omission tends to support the conclusion that the military judge was applying subsection 8(A), not subsection 8(B). Indeed, when reviewing the sample images, the military judge stringently applied the relevant United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal 1986), aff'd sub nom. United States v. Wiegand, 802 F.2d 1239 (9th Cir. 1987), factors, which this Court has recognized as the appropriate test for determining whether child pornography is "lascivious." See United States v. Roderick, 62 M.J. 425, 430 (C.A.A.F. 2006). For example, when analyzing the second sample image, the military judge asked, consistent with the Dost factors: (1) "[i]s her genital area and pubic area in the center of the photograph?"; (2) "Was that kind of a pose appropriate for somebody of that age?"; (3) "Did that pose appear to you to be sexually suggestive?"; and (4) "Do you believe that's what the photographer intended?" As noted, there was no line of questioning to elicit a factual stipulation that the images Appellant possessed were also "graphic."

6

did not constitute child pornography," Blouin, __ M.J. at __ (13-14).  I disagree.  Given the exacting detail with which the military judge reviewed the two sample images, the failure to articulate why the nine images from PE 4 were not child pornography is not a substantial basis to question Appellant's plea.

In reaching this conclusion, I am mindful of several factors that, considered in context, ameliorate the concerns the majority opinion raises.  First, the military judge took pains to provide Appellant the relevant definition of child pornography, and to review the applicable Dost factors as applied to the two sample images taken from PE 4.  The colloquy was detailed and consistent with the provisions of the CPPA.  Second, the charges against Appellant did not specify a fixed number of images of child pornography in Appellant's possession that formed the basis of these charges.  Appellant was simply charged with "knowingly possess[ing] child pornography."  Appellant's plea would be provident, therefore, even if only one image met the definition of child pornography under the CPPA.  In other words, had PE 4 consisted of the three images found to be child pornography by the military judge, Appellant's guilty plea would still be provident.

Third, PE 4 was a sampling of the 173 photographs found in Appellant's possession which were deemed "likely child

7

pornography" by the Government.  The admission of the representative images in PE 4 was surplusage.  The Government was not required to admit any exhibits or carry any burden of proof.  Appellant's factual stipulations were the focus of the plea colloquy.  The representative images were intended to facilitate, not replace, Appellant's factual stipulations.

"In determining on appeal whether there is a substantial inconsistency, this Court considers the 'full context' of the plea inquiry, including Appellant's stipulation of fact." United States v. Goodman, 70 M.J. 396, 399 (C.A.A.F. 2011).  In light of these circumstances, in my view, the military judge did not abuse his discretion in failing to make further inquiries after excluding nine photographs from PE 4.  The military judge had already reviewed the relevant definitions and their application to two sample images, which are indisputably child pornography.  See United States v. Blouin, 73 M.J. 694, 698 (A. Ct. Crim. App. 2014).  Appellant stipulated during the plea colloquy that he had possessed images of child pornography, the number of which was inconsequential in the instant case.  As a factual matter, Appellant had possessed at least three images of child pornography, which sufficiently satisfied the charges. The military judge's failure to explain his reasoning for excluding the nine images is troublesome, but not fatal to the providence of the plea.

8

As this Court stated in Roderick, courts determine "whether a particular photograph contains a 'lascivious exhibition' by combining a review of the Dost factors with an overall consideration of the totality of the circumstances," which is, necessarily, a highly contextual and fact-specific inquiry. Roderick, 62 M.J. at 430. It would have been preferable for the military judge to review each of the nine images in detail and explain why, in his determination, they were not child pornography under the CPPA. But in light of the otherwise thorough plea colloquy, Appellant's factual stipulations, the three images of child pornography, and the lack of itemization in the charges against Appellant, I conclude that the accused understood "the factual history of the crime, [and also] how the law relates to those facts." United States v. Medina, 66 M.J. 21, 26 (C.A.A.F. 2008). Goodman, 70 M.J. at 399, while distinguishable, is nevertheless instructive on this point.[2]

---

[2] In Goodman, this Court evaluated whether a guilty plea was provident when the accused made statements during the plea inquiry that "raised the issue of mistake of fact," which would have been an affirmative defense to the charges. 70 M.J. at 399. Specifically, the accused was charged with sexual harassment, and made comments during the plea inquiry suggesting that he believed his advances were welcome, which would have supported an affirmative "state of mind" defense. Id. This Court reviewed "whether the failure of the military judge to advise Appellant of the mistake of fact defense and secure his disclaimer of the defense requires us to set aside his guilty plea." Id. at 397. This Court concluded that the military

Here, even if the military judge had further explicated why the nine images did not satisfy the requirements of the CPPA and the Dost factors, and the totality of the circumstances, such clarification would not have "raise[d] . . . an inconsistency with regard to his guilty plea." Id. at 400. It would not have had an impact on Appellant's stipulations of fact, the military judge's recitation of the definitions from the CPPA, or the analysis of the two sample images during the plea colloquy. The military judge's clarification, while beneficial, did not cause a misunderstanding as to how the law applied to the facts.

Consequently, I would conclude that Appellant's plea was provident.

### III. Application of Knox II

The military judge's reliance on Knox II, 32 F.3d at 736, during the plea colloquy did not set forth "an erroneous view of the law," and is therefore not a substantial basis to question Appellant's plea. See United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F. 2008). The majority "decline[s] to accept the CCA's invitation to adopt the Knox II standard as controlling precedent in this jurisdiction," primarily on the basis that

---

judge was not required to further question the accused on this statement because the accused's testimony, ultimately, "did not raise a mistake of fact defense or an inconsistency with regard to his guilty plea." Id. at 400. Goodman is comparable to the case at hand.

Knox II has been superseded by the 2003 amendments to the CPPA. Blouin, __ M.J. at __ (9-10). Yet the majority's reasoning for not adopting Knox II applies only with respect to subsection 8(B) of the CPPA, which was added as a result of the 2003 amendments, and introduced the "graphic" requirement. The majority fails to indicate why Knox II is inapplicable to subsection 8(A), whose language pre-dated the 2003 amendments, was not substantially altered by these amendments, only reorganized, and has never contained a "graphic" requirement. As the majority opinion notes, two subsections of the CPPA are potentially applicable in the instant case: subsection 8(A), which proscribes any "visual depiction, including photograph, film, video, picture, or computer or computer-generated image or picture," the production of which "involves the use of a minor engaging in sexually explicit conduct," defined as a "lascivious exhibition of the genitals or pubic area"; and subsection 8(B), which proscribes "any visual depiction" which "is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct," defined as a "graphic or simulated lascivious exhibition of the genitals or pubic area." 18 U.S.C. § 2256(2)(A), (B); 18 U.S.C. § 2256(8)(A), (B) (emphasis added).

The majority opinion suggests that the 2003 amendments to the CPPA nullify Knox II. Yet by the majority's own analysis,

11

the 2003 amendments did not alter the portions of the CPPA that Knox II interpreted. Indeed, the majority opinion acknowledges that "[s]ubsection 8(A) contains the original language of the statute," and subsections (B) and (C) were added "as the result of the 2003 amendments." Blouin, __ M.J. at __ (7-8).

The definition in the pre-2003 version of the CPPA that was at issue in Knox II defined "sexually explicit conduct," in the context of child pornography, as "actual or simulated . . . lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(E) (1988 & Supp. IV 1992); Knox II, 32 F.3d at 736 ("The principal question presented by this appeal is whether videotapes that focus on the genitalia and pubic area of minor females constitute a 'lascivious exhibition of the genitals or pubic area' under the federal child pornography laws."). This language is retained in subsection (2)(A) of the CPPA even after the 2003 amendments. 18 U.S.C. § 2256(2)(A)(v) (2012) (defining "sexually explicit conduct" as "actual or simulated lascivious exhibition of the genitals or pubic area of any person").[3] There is no graphic requirement under this subsection.

---

[3] The 2003 amendments moved the phrase "lascivious exhibition of the genitals or pubic area" from subsection (2)(E) of 18 U.S.C. § 2256 to subsection 2(A)(v). Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 (PROTECT Act), Pub. L. No. 108-21, 117 Stat. 650 (2003). The term "lascivious exhibition of the genitals or pubic area" was

12

Given that the 2003 amendments did not repeal or substantially alter the language in the CPPA that Knox II interpreted, it is not clear to me why Knox II is no longer good law in light of these amendments.[4]

Moreover, contrary to the lead opinion's assertion, several federal circuits have cited Knox II favorably since the 2003

first introduced in the Child Pornography Prevention Act in 1984 when the act was first amended, and the phrase "lewd" was replaced with "lascivious" throughout the act. Pub. L. No. 98–292, 98 Stat 204 (1984). This amended the original phrase, "lewd exhibition of the genitals or pubic area" to "lascivious exhibition of the genitals or pubic area." Compare Protection of Children Against Sexual Exploitation Act of 1977, Pub. L. No. 95–225, 92 Stat. 7 (1978), with Pub. L. No. 98-292, 98 Stat. 204. Subsequent amendments, even those made in 2003, did not alter or excise this phrase from the act altogether. See 18 U.S.C. § 2256(2)(A)(v).

[4] For this reason, the majority opinion's reliance on a footnote in United States v. Williams, 444 F.3d 1286, 1299 n.63 (11th Cir. 2006), rev'd United States v. Williams, 553 U.S. 285 (2008), to suggest that Knox II is no longer good law is, respectfully, too thin a reed on which to hang a rejection of the application of Knox II. Blouin, __ M.J. at __ (10). In that footnote, the Williams court was commenting, in dicta, that Knox II was "likely" inapplicable where a statute contains "the requirement that lascivious exhibitions be 'graphic' under the PROTECT Act's amended obscenity definition." 444 F.3d at 1299 n.63. The Williams court did not suggest that Knox II was no longer good law for obscenity definitions that do not contain a "graphic" requirement, such as subsection 8(A). Indeed, in deciding "[w]hat exactly constitutes a forbidden 'lascivious exhibition of the genitals or pubic area,'" the Williams court expressly stated that "the pictures needn't always be 'dirty' or even nude depictions to qualify." Id. at 1299. Arguably, then, the Williams court accepted Knox II's continuing application to the phrase "lascivious exhibition of the genitals or pubic area," appearing in subsection 8(A), while still relating in a footnote that Knox II "likely" did not apply to subsection 8(B), which contains a "graphic" requirement.

amendments, some for the proposition that child pornography includes "lascivious" images of minors with clothed genitals or pubic area. See United States v. Franz, 772 F.3d 134, 157 (3d Cir. 2014) (citing Knox II favorably); United States v. Wallenfang, 568 F.3d 649, 659 (8th Cir. 2009) (citing Knox II to support its holding that images of children whose genitals were covered by pantyhose still constituted child pornography under the CPPA even though the genitals were technically clothed); United States v. Helton, 302 F. App'x 842, 846-47 (10th Cir. 2008) (unpublished) (stating that the CPPA "does not specify the genitals or pubic area must be fully or partially uncovered in order to constitute an exhibition and, like our sister circuits, we decline to read such a requirement into the statute," in finding that a video of a minor wearing underpants was child pornography (citation omitted)).[5]

---

[5] The majority opinion cites two federal courts of appeals cases that "have undermined Knox II": United States v. Vosburgh, 602 F.3d 512, 538 (3d Cir. 2010), and United States v. Gourde, 440 F.3d 1065, 1070 (9th Cir. 2006). In my reading, they do not do so. These cases merely state, with no elaboration or enumeration of factors, that child pornography is distinct from legal child erotica. The opinions do not define child pornography or child erotica, and are therefore of limited utility in the instant case, where these definitions are of central importance. Recognition that child erotica is legal does not confirm or disavow any supposed nudity requirement of the genital or pubic area in the CPPA. For example, in Vosburgh, the court defines "child erotica" simply as photographs not lascivious enough to be child pornography. See

In my view, under a plain reading of the CPPA, there is no threshold requirement that a visual depiction portray a minor's nude genitals or pubic area before courts may apply the Dost factors. Knox II confirms this view, in finding that an image may constitute a "lascivious exhibition of the genitals or pubic area" based on an application of the six Dost factors and a totality of the circumstances test.[6] Knox II, 32 F.3d at 745-46, merely recognizes that, as in Dost, nudity of a minor's figure

---

602 F.3d at 520 (describing the images of child erotica found with images of child pornography as "suggestive" without any further description of what these images contain). In Gourde, the United States Court of Appeals for the Ninth Circuit summarily states that "adult pornography and child erotica" are "legal content," without explaining what constitutes child erotica. Gourde, 440 F.3d at 1070. These opinions do not undermine Knox II's applicability in determining whether visual depictions are child pornography.

[6] The six "Dost factors" are:

> (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e. in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

Roderick, 62 M.J. at 429.

is but one of six nonexhaustive factors that courts may consider when concluding that an image is child pornography. There is no requirement that visual depictions of minors display a child's nude genitals or pubic area before courts may apply the Dost factors. I believe the inquiry into whether an image is child pornography begins and ends with the application of the Dost factors and the totality of the circumstances, as this Court stated in Roderick, 62 M.J. at 430, and as I stated in my dissent in Barberi. See United States v. Barberi, 71 M.J. 127, 135 (C.A.A.F. 2012) (Baker, C.J., dissenting) ("My approach would take into consideration all of the Dost factors along with the totality of the circumstances with no particular factor being determinative."). Given this understanding, the military judge did not err in relying on Knox II in the plea colloquy for the proposition that images of minors with clothed genitals and pubic area may still constitute child pornography under the CPPA.

Accordingly, I would hold that the military judge made no mistake in law by relying on Knox II.

### CONCLUSION

It should not be this hard to plead guilty to possessing child pornography. The problem is found in convoluted statutes and even more convoluted case law, which is missing the forest for the trees. I would hold that there was no mistake of law

16

and no substantial basis in fact for questioning Appellant's guilty plea.  I would further hold that Appellant did not misunderstand the facts as applied to his case.  As a result, I would find Appellant's guilty plea provident and affirm the CCA.

Part of the issue is unclear case law.  Courts, including ours, have struggled to define and distinguish among pictures of children that are criminal and constitute child pornography, pictures that are constitutionally protected under the First Amendment, and pictures that are distasteful, but neither criminal nor protected.  See, e.g., Barberi, 71 M.J. 127, overruled by United States v. Piolunek, 74 M.J. 107 (C.A.A.F. 2015).

The problem largely originated with the Supreme Court's invalidation of parts of the Child Pornography Prevention Act of 1996 in Ashcroft v. Free Speech Coal., 535 U.S. 234, 256 (2002).  The statute, the Court concluded, could reach too far and encompass constitutionally protected artistic expression as well as virtual images of children that might fall outside the criminal law.  Id.  However, the Court drew an opaque line.  And, while the Supreme Court was worried about works of art and Romeo and Juliet, id. at 246-48, lower appellate courts have been grappling with cases seeking to distinguish between what some judges view as supposedly lawful child erotica -- photographs depicting young children dressed as prostitutes in

17

G-strings in coy and provocative positions -- and criminal child pornography -- photographs depicting young children dressed as prostitutes in G-strings in coy and provocative positions that also show some sliver of the pubic area.  See Barberi, 71 M.J. at 127.  I am skeptical, if a majority of my colleagues are not, that the Congress, the Supreme Court, or, most importantly, the Constitution, intended such a nuanced result when it comes to the difference between criminal and constitutionally protected images of real children depicted in a pornographic manner for the purpose of sexual gratification.

The legal complexity has a further dimension in the military because under Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934, conduct in the military that is service discrediting or that undermines good order and discipline might still be criminal even if the same conduct, in the civilian context, is not criminal, and may be protected, such as public criticism of the President while in uniform, adultery, or verbal sexual harassment.  See Parker v. Levy, 417 U.S. 733, 744-50 (1974); United States v. Forney, 67 M.J. 271, 275 (C.A.A.F. 2009); United States v. Marcum, 60 M.J. 198, 205 (C.A.A.F. 2004).

This case does not present these matters.  Appellant possessed at least one picture of child pornography that met the definition of child pornography under subsection 8(A).  He

admitted to doing so.  The military judge found he did so.  And the CCA affirmed that he did so, as well.  Therefore, I would hold, consistent with Appellant's factual stipulations and the military judge's and the CCA's findings, that Appellant possessed child pornography, and uphold his conviction.