# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32462 (f rev)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Andrew J. BRANSON**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon further review*

Decided 18 June 2019

————————————

*Military Judge:* Marvin W. Tubbs, II.

*Approved sentence:* Bad-conduct discharge, confinement for 3 months, reduction to E-1, and a reprimand. Sentence adjudged 9 December 2016 by SpCM convened at Sheppard Air Force Base, Texas.

*For Appellant:* Major Jarett F. Merk, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major J. Ronald Steelman, III, USAF; Mary Ellen Payne, Esquire.

Before HUYGEN, MINK, and POSCH, *Appellate Military Judges.*

Senior Judge HUYGEN delivered the opinion of the court, in which Judge MINK and Judge POSCH joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

HUYGEN, Senior Judge:

Appellant, pursuant to his pleas, was found guilty at a special court-martial of one specification each of damaging a police car, being drunk and

disorderly, and assaulting a woman, in violation of Articles 109, 134, and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 909, 934, 928.[1] Appellant pleaded not guilty but a panel of officer and enlisted members found him guilty of one specification each of assaulting an airman basic, assaulting an airman first class, and being derelict in the performance of his duties by negligently failing to refrain from engaging in conduct that contributed to a hostile work environment, in violation of Articles 128 and 92, UCMJ, 10 U.S.C. §§ 928, 892. The panel sentenced Appellant to a bad-conduct discharge, confinement for three months, reduction to the grade of E-1, and a reprimand. The convening authority approved the sentence as adjudged.

Appellant originally raised on appeal four assignments of error (AOE): (1) whether the charge of dereliction of duty is unconstitutionally vague; (2) whether the evidence is factually and legally sufficient to support Appellant's conviction for negligent dereliction of duty; and (3)–(4) whether the evidence is factually and legally sufficient to support Appellant's conviction for assault consummated by a battery of Airman First Class (A1C) OC and, separately, Airman Basic (AB) CP. At the time of the original appeal, we reviewed the post-trial processing of Appellant's court-martial and consequently ordered new post-trial processing without addressing the AOE. *See United States v. Branson*, No. ACM S32462, 2018 CCA LEXIS 431, at *2 (A.F. Ct. Crim. App. 30 Aug. 2018) (unpub. op.).

We have this case for further review after returning the record of trial to The Judge Advocate General for remand to the convening authority for new post-trial processing. *Id.* at *7. New post-trial processing has been accomplished. Appellant requests that the court review the previously filed AOE and also "re-assert[s] his rights under *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006), and its progeny."[2] We find no prejudicial error and affirm the findings and sentence.

---

[1] All references in this opinion to the UCMJ are to the *Manual for Courts-Martial, United States* (2016 ed.), App. 2.

[2] On further review, we have considered AOE (3) and (4) regarding the legal and factual sufficiency of two of Appellant's convictions for assault and his general assertion of his rights under *Moreno* that did not specify which *Moreno* standard was purportedly violated. These claims warrant no further discussion or relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

## I. BACKGROUND

Appellant completed six years of active service and was honorably discharged as an E-5 from the United States Navy in 2014. In 2016, he enlisted as an E-5 in the United States Air Force with an initial date of 17 June 2016. The timeframe of his earliest charged offenses began six days later.

Appellant attended technical training at Sheppard Air Force Base, Texas, from June to October 2016. Appellant was designated "class leader" because, as an E-5, he was senior in grade to the other students. His classmates testified at trial about multiple incidents involving Appellant, including his joke to a male Asian classmate about Asian penis size; his comment that, in the Navy, he masturbated to get his shipmate to leave their shared berthing area; his comments to a female classmate of a sexual nature and about her sexual orientation (i.e., she should know how to "suck" water from a fountain because she is female and she could "resist" Appellant and did not like chocolate "because [she is] a lesbian"); and his reference to the next-senior classmate using a homosexual term ("power bottom"). Appellant also completed and distributed Air Force forms as fake "reports" on his classmates' poor performance and was known for drawing penises on their notes and papers. As a result of Appellant's conduct, his classmates did not attend the study sessions he offered to lead, and, after he was not invited but showed up to their study sessions, they moved their sessions to locations he could not find so that he could not attend. For Appellant's conduct while "class leader," he was charged with negligent dereliction of duty for failing to refrain from engaging in conduct that contributed to a hostile work environment.

When Appellant was angry at his classmates, he would talk about wanting to "punch them in the d[**]ks." And he did more than talk. In June or July 2016, Appellant struck A1C OC in the leg with his hand in a thwarted attempt to punch A1C OC's genitalia and, in September 2016, struck AB CP in the genitalia area with his hand.

On 10 September 2016, Appellant participated in an off-base run with a group of civilians. The combined physical and social activity included alcohol consumption. As the group reached the end of the run, Appellant was drunk and became disorderly. After verbally abusing KT, who was also participating in the run, Appellant tackled her to the ground. Another runner came to KT's aid. The ensuing struggle ended only after Appellant broke the nose of the "Good Samaritan," who trapped Appellant in a chokehold, and three Wichita Falls (Texas) police officers arrived on the scene. Appellant resisted arrest and had to be repeatedly shocked with a Taser in order for the officers to get him in a patrol vehicle. Once inside, Appellant tried to get out by kicking a rear window. Even after arriving at the jail, Appellant continued to refuse to follow the officers' directions and attempted to kick them.

Appellant pleaded guilty to the offenses of 10 September 2016 and not guilty to the other charged offenses, which are the subject of his appeal.

## II. DISCUSSION

We consider Appellant's assertions involving his conviction for negligent dereliction of duty in violation of Article 92, UCMJ, first that the charge is unconstitutionally vague and second that the evidence is legally and factually insufficient to support the conviction. We conclude neither claim warrants relief.

## A. Charge Not Unconstitutionally Vague

Appellant contends that the charge of negligent dereliction of duty is unconstitutionally vague because he was not on notice his conduct was subject to criminal sanction and thus prohibited; "ordinary people" could not understand what conduct was prohibited; and the prohibition lacked an objective standard for enforcement. We disagree.

### 1. Law

"Due process requires 'fair notice' that an act is forbidden and subject to criminal sanction. It also requires fair notice as to the standard applicable to the forbidden conduct." *United States v. Vaughan*, 58 M.J. 29, 31 (C.A.A.F. 2003) (citations omitted). "The test for constitutional notice that conduct is subject to criminal sanction is one of law." *United States v. Warner*, 73 M.J. 1, 3 (C.A.A.F. 2013). The United States Court of Appeals for the Armed Forces (CAAF) "has found such notice in[, *inter alia*,] military custom and usage, and military regulations." *Vaughan*, 58 M.J. at 31 (citations omitted); *see also United States v. Pope*, 63 M.J. 68, 73–75 (C.A.A.F. 2006). Also, "[t]he 'void-for-vagueness' doctrine requires the criminal activity to be defined with sufficient clarity such that 'ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" *United States v. Caporale*, 73 M.J. 501, 504 (A.F. Ct. Crim. App. 2013) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)).

### 2. Analysis

Appellant was charged with dereliction of duty in violation of Article 92(3), UCMJ, for negligently failing to refrain from engaging in conduct that contributed to a hostile work environment. Although Appellant was not charged with the more serious offense of failure to obey a lawful general regulation, the dereliction charge implicitly relied on Air Force Instruction (AFI) 36-2706, *Equal Opportunity Program, Military and Civilian* (5 Oct. 2010, Incorporating Change 1, 5 Oct. 2011), and its prohibition of "unlawful harassment [including] creating an intimidating, hostile working environment for

another person on the basis of race, color, religion, sex, national origin, age, disability, reprisal, or genetic information." AFI 36-2706, ¶ 1.1.1. After substantial and repeated discussion with the parties, the military judge took judicial notice of excerpts from AFI 36-2706, which encompassed the following definition of hostile work environment:

> [A] series of acts . . . which are so severe and pervasive as to alter the terms and conditions of employment. The acts which make up the hostile environment may be discreet acts, or may be ones which taken alone do not rise to the level of an adverse employment action. The use of disparaging terms with respect to a person's race, color, religion, sex, national origin, age, disability, or genetic information, may contribute to a hostile work environment.

In a pretrial motion, during trial, and now on appeal, Appellant challenges the charge and AFI 36-2706 as void for vagueness on three bases, none of which we find valid. First, Appellant contends that, in his initial weeks and months of Air Force service, he was not on notice his conduct was subject to criminal sanction. However, AFI 36-2706 is a military regulation and thus suffices as notice. *See Pope*, 63 M.J. at 73 (holding that "possible sources of 'fair notice' include: . . . military regulations"). Furthermore, the prohibition of harassment creating a hostile work environment on the basis of, *inter alia*, race, sex, and national origin is not unique to the Air Force or new to the armed forces and was already established as military custom when Appellant served in the Navy. It is also significant that, unlike the appellant in *Pope*, who was convicted of violation of a lawful general regulation under Article 92(1), UCMJ, Appellant was charged with and convicted of negligent dereliction of duty under Article 92(3), UCMJ. Thus, the Government needed only to prove that, as charged, Appellant knew *or should have known* of his duty to refrain from engaging in conduct that *contributed* to a hostile work environment.

Appellant argues, second, that "ordinary people" could not understand what conduct was prohibited and, third, that the prohibition lacked an objective standard for enforcement. Assuming "ordinary people" includes Appellant's classmates and the court-martial panel members, we find "ordinary people" unquestionably capable of understanding what conduct is prohibited by AFI 36-2706. It is patently obvious that Appellant's comments constituted prohibited conduct and contributed to a hostile work environment, specifically, the in-residence training where Appellant and his classmates were assigned for temporary duty. In addition, we find that the prohibition of unlawful harassment creating a hostile work environment contains an objective standard for enforcement in the plain language of AFI 36-2706: the use of

disparaging terms about, *inter alia*, a person's race, sex, or national origin contributes to a hostile work environment and a hostile work environment is a series of acts so severe and pervasive as to alter the terms and conditions of employment.

In short, Appellant's argument that the charge of negligent dereliction of duty for the conduct prohibited by AFI 36-2706 is void for vagueness fails in all respects. We conclude Appellant was on notice his conduct with his classmates was subject to criminal sanction; "ordinary people" could understand that conduct is prohibited; and the prohibition as articulated in AFI 36-2706 contains an objective standard for enforcement.

## B. Evidence Legally and Factually Sufficient

Appellant also claims that the evidence is legally and factually insufficient to support his conviction for negligent dereliction of duty. We are not persuaded.

### 1. Law

We review issues of legal and factual sufficiency de novo. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002) (citation omitted). Our assessment of legal and factual sufficiency is limited to the evidence produced at trial. *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993) (citations omitted).

The test for legal sufficiency of the evidence is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "Beyond a reasonable doubt" does not mean that the evidence must be free from conflict. *United States v. Wheeler*, 76 M.J. 564, 568 (A.F. Ct. Crim. App. 2017) (citing *United States v. Lips*, 22 M.J. 679, 684 (A.F.C.M.R. 1986)), *aff'd*, 77 M.J. 289 (C.A.A.F. 2018). "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001) (citations omitted).

The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of the [appellant]'s guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325. "In conducting this unique appellate role, we take 'a fresh, impartial look at the evidence,' applying 'neither a presumption of innocence nor a presumption of guilt' to 'make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt.'" *Wheeler*, 76 M.J. at 568 (alteration in original) (quoting *Washington*, 57 M.J. at 399).

In order for Appellant to be found guilty of negligent dereliction of duty in violation of Article 92(3), UCMJ, the Government was required to prove beyond a reasonable doubt the following elements of the offense: (1) Appellant had a duty to refrain from engaging in conduct that contributed to a hostile work environment; (2) Appellant knew or reasonably should have known of the duty; and (3) Appellant was through neglect derelict in the performance of the duty. *See Manual for Courts-Martial, United States* (2016 ed.), pt. IV, ¶ 16.b.(3). A duty may be imposed by, *inter alia*, regulation or custom of the service. *Id.* ¶ 16.c.(3)(a). Actual knowledge of a duty may be proved by circumstantial evidence and need not be shown if the individual reasonably should have known of the duty, which may be demonstrated by a regulation. *Id.* ¶ 16.c.(3)(b). A person is negligent if he is under a duty to use due care and exhibits a lack of that degree of care that a reasonably prudent person would have exercised under the same or similar circumstances. *Id.* ¶ 16.c.(3)(c).

**2. Analysis**

As noted above, the military judge took judicial notice of excerpts from AFI 36-2706, which described the prohibition of "unlawful harassment," included the definition of "hostile work environment," and thus established Appellant's duty to refrain from engaging in conduct that contributed to a hostile work environment. AFI 36-2706 as a military regulation also served as notice, and Appellant knew or reasonably should have known of the duty articulated therein. Appellant's classmates testified about Appellant's comments on their race, sex, or national origin and his comments of a crude, sexual nature as well as the effect of those comments: they did not attend study sessions conducted by Appellant, their "class leader," and they relocated their study sessions so that Appellant could not attend. In other words, Appellant contributed to or, more accurately, created a hostile work environment in which the terms and conditions of employment for his classmates in technical training were so altered that they could not simply focus on studying but instead had to find new ways to accomplish learning in order to avoid Appellant.

We find the evidence viewed in the light most favorable to the prosecution was sufficient for a reasonable factfinder to find beyond a reasonable doubt all the essential elements of Appellant's offense of negligent dereliction of duty. *See Turner*, 25 M.J. at 324. Having conducted an independent review of the record and making allowances for not personally observing the witnesses, *see id.* at 325, we are convinced beyond a reasonable doubt that Appellant was derelict in his duties by negligently failing to refrain from engaging in conduct that contributed to a hostile work environment.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.[3]

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[3] The court-martial order dated 19 February 2019 indicates that "DNA processing" is required; it is not. *See* Department of Defense Instruction 5505.14, *Deoxyribonucleic Acid (DNA) Collection Requirements for Criminal Investigations, Law Enforcement, Corrections, and Commanders*, Encl. 3 (22 Dec. 2015, Incorporating Change 1, 9 Mar. 2017); Air Force Instruction 51-201, *Administration of Military Justice*, ¶¶ 15.16, 15.23 (18 Jan. 2019). We direct a corrected court-martial order.