# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, PENLAND and COOPER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant VICTOR F. MORALES II**
**United States Army, Appellant**

ARMY 20230236

Headquarters, 82d Airborne Division
J. Harper Cook, Military Judge
Lieutenant Colonel David J. Krynicki, Staff Judge Advocate

For Appellant: Lieutenant Colonel Autumn P. Porter, JA; Lieutenant Colonel Mitchell D. Herniak, JA; Major Tumentugs D. Armstrong, JA (on brief); Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn P. Porter, JA; Major Robert D. Luyties, JA (on reply brief, supplemental brief, and supplemental reply brief).

For Appellee: Colonel Richard E. Gorini, JA; Major Justin L. Talley, JA; Captain Stewart A. Miller, JA (on brief); Colonel Richard E. Gorini, JA; Lieutenant Colonel K.M. Bohlke, JA; Major Justin L. Talley, JA; Captain Stewart A. Miller, JA (on supplemental brief).

28 February 2025

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

COOPER, Judge:

Appellant raises five assignments of error, one of which merits discussion and relief.[1] Appellant alleges he was not on fair notice that taking pictures of fully

---

[1] We reviewed the other assignments of error and the issue raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Our disposition of the case in this manner moots appellant's preemption claim. We find the remaining assignments of error and *Grostefon* matters do not merit discussion nor relief.

clothed women outside of a Department of Defense (DoD) elementary school was subject to criminal sanction under Article 134, Uniform Code of Military Justice 10 U.S.C. § 934 (2019) [UCMJ]. We agree.

## BACKGROUND

Contrary to his pleas, an enlisted panel at a general court-martial convicted appellant of two specifications of possession of child pornography and one specification of indecent conduct, in violation of Article 134, UCMJ. On 29 April 2023, the military judge sentenced appellant to a dishonorable discharge, confinement for nine years, and reduction to the grade of E-1.

The issue before us concerns Specification 4 of The Charge,[2] which alleges appellant committed indecent conduct, "to wit: taking photographs of multiple women without their knowledge emphasizing their buttocks while outside Bowley Elementary School, a DoD school, and that said conduct was of a nature to bring discredit upon the armed forces."

Prior to trial, appellant's defense counsel filed a motion only alleging the above cited specification failed to state an offense. The substance of their argument was that appellant's conduct could never meet the legal definition of "indecent" and the charge should be dismissed. The military judge denied their motion. Defense counsel, however, did not assert appellant lacked fair notice his conduct was criminal.

At trial, the government admitted over 100 images from appellant's cellphone of women, mostly mothers, outside an on-post elementary school, with the focus of the photo on the clothed buttocks of the women. Mrs. ■ took the stand and identified herself and other people in the photos. She also testified to the procedures for student pickup at the school and that she regularly saw appellant in the student pickup area with his phone out, occasionally in uniform. Finally, Mrs. ■ testified she used to feel safe on post, but after she found out appellant took photos of her buttocks at the elementary school, she no longer felt safe.

## LAW AND DISCUSSION

"When not objected to at trial, defects in an indictment are reviewed for plain error." *United States v. Warner*, 73 M.J. 1, 3 (C.A.A.F. 2013) (citing *United States v. Cotton*, 535 U.S. 625, 631 (2002)). Like our superior court's determination in *Warner*, we find this court must use a plain error standard of review when considering appellant's fair notice argument, as he forfeited this issue at trial. *Id.*

---

[2] Although this Specification was renumbered during the trial, we refer to it by its original number as preferred and referred.

Appellant argues his motion for failure to state an offense at trial should be sufficient to preserve the issue. Considering both *United States v. Rocha*, and the specific facts of this case, we find appellant's argument unpersuasive. *Rocha*, 84 M.J. 346 (C.A.A.F. 2024) (where appellant filed a motion to dismiss for failure to state an offense at trial but did not raise the issue of fair notice, CAAF found fair notice was forfeited on appeal). Here, the substance of appellant's failure to state an offense motion was how his conduct could not fit the *legal definition* of indecent; there was no fair notice argument encapsulated therein.

Under plain error review, appellant has the burden of demonstrating: "(1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of [appellant]." *United States v. Wilkins*, 71 M.J. 410, 412 (C.A.A.F. 2012) (internal citation and quotations omitted). However, in those instances where a clear or obvious error rises to the level of a constitutional violation, the burden shifts to the government to "show that the error was harmless beyond a reasonable doubt." *United States v. Tovarchavez*, 78 M.J. 458, 462-63 (C.A.A.F. 2019).

"The Fifth Amendment prohibits the deprivation of 'life, liberty, or property' without due process." *Rocha*, 84 M.J. 346, 349 (C.A.A.F. 2024) (quoting U.S. Const. amend. V.). The Supreme Court has held, as a matter of due process, an individual "of ordinary intelligence" must have fair notice his conduct is punishable before he can be charged with a crime for the corresponding conduct. *United States v. Williams*, 553 U.S. 285, 304 (2008). In the context of Article 134, UCMJ, offenses, military courts have held "potential sources of fair notice may include federal law, state law, military case law, military custom and usage, and military regulations." *Warner*, 73 M.J. 1, 3 (citing *United States v. Vaughan*, 58 M.J. 29, 31 (C.A.A.F. 2003)).

When considering the broad language in Article 134, UCMJ, offenses, courts have found statutes must "strike the fine balance of being 'sufficiently definite to give notice of the required conduct to one who would avoid its penalties' with the requisite broadness to adequately 'deal with untold and unforeseen variations in factual situations.'" *Rocha*, 84 M.J. at 351. (citing *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 340 (1952)). However, "absolute precision is not the standard." *Id.* The touchstone of our analysis must simply be to determine "whether the statute . . . made it *reasonably* clear at the relevant time that the [appellant's] conduct was criminal." *Rocha*, 84 M.J. at 351 (citing *United States v. Lanier*, 520 U.S. 259, 267 (1997)) (emphasis in original).

To aid in this endeavor, the President has enumerated a non-exhaustive list of Article 134, UCMJ, offenses and, in some instances, provided additional definitions for the pertinent offenses. *Id.* at 350. "Indecent" in the context of an Article 134, UCMJ, indecent conduct offense has been defined as "that form of immorality

3

relating to sexual impurity which is grossly vulgar, obscene, and repugnant to common propriety, and tends to excite sexual desire or deprave morals with respect to sexual relations." *Manual for Courts-Martial, United States* (2019 ed.) [*MCM*], pt. IV, ¶.104.c.(1).

Turning to the case before us, we have found no federal, state, or military law that prohibits taking pictures of clothed people in public without their knowledge. Nor has the government produced any evidence of military custom and usage or military regulation that would put appellant on notice this type of conduct is criminal. In *United States v. Warner*, under plain error review, the Court of Appeals for the Armed Forces (CAAF) found no federal, state, or military law, nor any military custom or regulation existed to put appellant on fair notice his possession of child erotica-like material was criminal, and therefore, set aside his conviction. 73 M.J. at 3-4. We find ourselves in a similar situation. However, as CAAF outlined in *United States v. Rocha*, our analysis does not end here, as we must also look to the words of the presidentially enumerated indecent conduct charge to determine if the language, itself, put appellant on fair notice. 84 M.J. at 350.

In *Rocha*, appellant was charged with indecent conduct under Article 134, UCMJ, for committing sexual acts with a childlike sex doll. *Id.* at 348. The lower court found none of the *Vaughan* sources existed to put appellant on fair notice and set aside his conviction. *Id.* at 348-49. CAAF reversed, concluding even without the *Vaughan* sources, the "elements and accompanying definitions of 'indecent' provide[d] servicemembers with fair notice that the specific act of penetrating with one's penis the anal and vaginal orifices of a lifelike sex doll with the physical characteristics of a prepubescent child is, indeed, prohibited under Article 134." *Id.* at 351.

CAAF also considered the existence of similar conduct in a criminal statute to support their decision: the possession of child pornography offense, which includes obscene visual depictions of what appears to be a minor. *Id.* at 351-52. CAAF concluded appellant's possession of a sex doll that "*appear[ed] to be a minor*," with which he penetrated the vaginal and anal orifices, was sufficiently similar to the child pornography offense and therefore, put him on notice. *Id.* at 355 (emphasis added). In analogizing appellant's conduct to a charge of possession of an obscene visual depiction of a minor engaged in sexually explicit conduct, CAAF found "it would require no significant leap of logic for a servicemember of ordinary intelligence to conclude that knowingly possessing a visual depiction of a minor in the form of a lifelike child sex doll with vaginal and anal orifices, and then engaging in sexually explicit conduct with that child sex doll, would similarly be criminally sanctionable." *Id.* at 351.

Here, we find appellant's case distinguishable from *Rocha*. First, the presidentially enumerated language of the indecent conduct charge did not make it

"reasonably clear" appellant's act of taking photos of clothed women in public at an on-post school was criminally sanctionable. Second, looking to similarly proscribed conduct for support - as CAAF did in *Rocha* - only solidifies our position appellant was not on fair notice. *Id.* Article 120c, UCMJ, criminalizes indecent recording. However, that offense requires taking photographs of the *unclothed or underwear-clad* private area of a person, without that person's consent, where that person had a *reasonable expectation of privacy*. UCMJ arts. 120c(a)(2), (d)(2)-(3). The elements are significantly different from appellant's conduct of taking photos of the clothed buttocks of women in public with no expectation of privacy. From this it follows the criminal conduct proscribed in Article 120c, UCMJ, might well justify the *opposite conclusion* now urged by the government - that appellant's conduct, involving clothed women in a public place, was not criminally sanctionable.

The government urges us to consider the covert nature of appellant's conduct to demonstrate he was on notice of his criminality, as CAAF did in *Rocha*. *Id.* at 351-52 (where CAAF found appellant's knowledge of the wrongfulness of his conduct supported a conclusion he was on fair notice). We are not persuaded. Several reasons could account for his covert acts. Clearly, his conduct was socially unacceptable and his understanding of that might have predictably led to his caution while taking the photos. The odd angles of the photos and Mrs. █'s lack of knowledge they were being taken could just as easily be explained by appellant's apprehension about being discovered and facing the wrath of several women who do not want photos of their buttocks on his phone. Further, the surreptitious nature of his conduct may have involved his underlying embarrassment at his act, which is not the same as knowing one's conduct is criminal. "The fact that a servicemember may be ashamed of certain conduct is not sufficient by itself to equate to due process notice that the conduct was subject to criminal sanction." *United States v. Merritt*, 72 M.J. 483, 487 (C.A.A.F. 2013).

Appellant's conduct of standing in an on-post elementary school student pick-up area, surreptitiously taking photos of women's buttocks, and storing a hundred of these images on his phone is certainly disturbing behavior, but was he on fair notice it was criminally sanctionable? "The test for constitutional notice that conduct is subject to criminal sanction is one of law. It does not turn on whether we approve or disapprove of the conduct in question." *Rocha*, 84 M.J. at 355 (internal citation omitted). The creepiness of appellant's conduct is abundantly clear, however, observing this through a judicial lens, the criminality of his conduct is not.

Finding error, we must determine whether it was plain and whether it materially prejudiced a substantial right of the accused. "At a minimum, an error is 'plain' when it is 'obvious' or 'clear under current law.'" *Warner*, 73 M.J. at 4 (citing *United States v. Olano,* 507 U.S. 725, 734 (1993)). It is well settled law that a servicemember must be on fair notice that an act is criminal prior to prosecution. *Id.* at 3. As appellant here was not sufficiently on notice that his act was criminally

sanctionable, under the facts and circumstances of this case, we find plain error. Having found this plain error infringes on a constitutional right of appellant, the government has not proven harmlessness beyond a reasonable doubt. The specification is dismissed.

Given our dismissal of appellant's conviction for indecent conduct, we must determine whether our "broad discretion" allows us to reassess appellant's sentence instead of ordering a rehearing. *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013). Based on our experience as judges on this court and the segmented sentences specified by the military judge for each specification, including zero days, confinement for the indecent conduct specification, we are confident, even with the dismissal of this specification, the military judge would have imposed the same sentence based on the remaining two Article 134 specifications.

## CONCLUSION

On consideration of the entire record, the finding of guilty for Specification 4 of The Charge is SET ASIDE and DISMISSED. All remaining findings of guilty and the sentence are AFFIRMED.

Senior Judge FLEMING and Judge PENLAND concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

6