# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and PENLAND
Appellate Military Judges

**KEVIN D. WASHINGTON,**
**Petitioner**
**v.**
**UNITED STATES,**
**Respondent**

ARMY MISC 20140826

25 November 2014

-------------------------------------------------------------------------------
OPINION OF THE COURT AND ACTION ON PETITION FOR
EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF CORAM NOBIS
-------------------------------------------------------------------------------

Per Curiam:

On 7 October 1999, a military judge sitting as a general court-martial, convicted petitioner, pursuant to his pleas, of three specifications of uttering a worthless check without sufficient funds, one specification of sodomy with a child under the age of 16, one specification of non-forcible sodomy, two specifications of wrongfully soliciting another to commit non-forcible sodomy, and three specifications of impersonating a commissioned officer in violation of Articles 123a, 125, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 923a, 925, 934 (1994 & Supp. IV 1999).  He was sentenced to a dishonorable discharge, six years confinement, and forfeiture of all pay and allowances.  The convening authority approved the adjudged sentence and credited petitioner with 106 days against the sentence to confinement.

On 30 August 2001, this court summarily affirmed the findings and the sentence.  On 18 December 2001, the Court of Appeals for the Armed Forces denied petitioner's petition for grant of review.

Petitioner, *in propria persona*, now seeks extraordinary relief in the nature of a writ of coram nobis.  *See* All Writs Act, 28 U.S.C. § 1651(a) (2012).  His direct appeal is final and, as a result of his court-martial, he avers that he is required to maintain registration as a sex offender.  He argues that, in light of *United States v. Riley*, 72 M.J. 115 (C.A.A.F. 2013), certain of his pleas of guilty were improvident because the military judge failed to advise him of the necessity to register as a sex offender if his pleas to those offenses were accepted.  In support of his argument,

petitioner contends that the Court of Appeals for the Armed Forces did not limit the retroactive application of *Riley*.

The military judge did not advise petitioner that as a consequence of his pleas of guilty to certain offenses, petitioner would be required to register as a sex offender. However, it matters not. Precedent requiring a military judge to ensure an accused understood that he is subject to sex offender registration requirements prior to the judge accepting a plea of guilty did not exist until 2013. *Riley*, 72 M.J. 115. In addition, the expectation that defense counsel advise an accused that a guilty plea will subject him to sex offender registration requirements did not exist until 2006 and was established in a decision that declared this expectation would come into enforceable effect 90 days from the date of that opinion. *United States v. Miller*, 63 M.J. 452, 459 (C.A.A.F. 2006). The military judge fulfilled the requirements of Article 45(a), UCMJ, and *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), in effect at the time of petitioner's trial, therefore, it cannot be said that the military judge either abused his discretion or committed plain error by accepting petitioner's pleas despite the lack of such advice. *See Gonzales v. Hickey*, 949 F. Supp. 2d 688, 697 (E.D. Ky. 2013); *see also United States v. Warner*, 73 M.J. 1, 4 (C.A.A.F. 2013) ("[A]n error is 'plain' when it is 'obvious' or 'clear under current law.'" (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993))). Finally, applying the principles of *Chaidez v. United States*, 133 S. Ct. 1103, 1105-13, 1118 n.5 (2013), we hold that the rule in *Riley* requiring a judge to advise an accused of sex offender registration requirements prior to accepting a guilty plea is not retroactively applicable. *See also Casa-Garcia v. United States*, 71 M.J. 586 (Army Ct. Crim. App. 2012).

Accordingly, the Petition for Extraordinary Relief in the Nature of a Writ of Coram Nobis is DENIED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2