*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
TANG, LAWRENCE, and J. STEPHENS,
Appellate Military Judges.

_____

**In Re Juan C. CARRILLO**[1]
Petitioner

**No. 9900334**

Decided: 30 October 2019

Review of Petition for Extraordinary Relief in the Nature of a Writ of Error *Coram Nobis*. Military Judge: Lieutenant Colonel R. E. Nunley, USMC. Sentence adjudged 3 March 1998 by a general court-martial convened at Marine Corps Recruit Depot, Parris Island, South Carolina. Sentence approved by convening authority: confinement for 30 months, forfeiture of all pay and allowances, reduction to paygrade E-1, and a bad-conduct discharge.[2]

For Petitioner: Mr. Michael J. Millios, Esq.

Senior Judge TANG delivered the opinion of the Court, in which Judges LAWRENCE and J. STEPHENS joined.

_____

**PUBLISHED OPINION OF THE COURT**

_____

---

[1] At the time of his direct appeal, Petitioner had been a Private First Class (E-2), U.S. Marine Corps.

[2] As a gratuitous act of clemency, the convening authority suspended confinement in excess of 24 months.

TANG, Senior Judge:

Petitioner seeks extraordinary relief from this Court in the nature of a writ of error *coram nobis* or a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651(a).[3] Citing *Padilla v. Kentucky,* 559 U.S. 356 (2010), Petitioner argues that we should set aside three of his four convictions because he is not and was not a citizen of the United States when he entered pleas of guilty without having been advised of the immigration consequences of his convictions. In *Padilla,* the Supreme Court held "that constitutionally competent counsel would have advised [Padilla] that his conviction for drug distribution made him subject to automatic deportation." *Id.* at 360.

We find that while we have jurisdiction to consider this petition, for the reasons outlined below, Petitioner is not entitled to relief.

## I. BACKGROUND

In the late-1990s, Petitioner was charged with multiple offenses relating to hazing and physical abuse of Marine Corps students assigned to the Armor School in Fort Knox, Kentucky. Pursuant to a pretrial agreement, in March 1998 Petitioner entered pleas of guilty to conspiracy to commit assault, two specifications of violating a Marine Corps general order prohibiting hazing, one specification of maiming, and two specifications of assault, in violation of Articles 81, 92, 124, and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 892, 924, 928 (1950).

The military judge engaged in an extensive colloquy to ensure Petitioner's pleas were supported by a factual basis. Although the military judge confirmed that Petitioner understood his pretrial agreement and was pleading guilty voluntarily, the military judge did not inquire whether Petitioner was a U.S. citizen. Nor did he warn Petitioner that his court-martial convictions could affect his immigration status.

The convening authority granted clemency by suspending a portion of the confinement but otherwise approved the sentence adjudged and, except for the bad-conduct discharge, ordered it executed. This Court affirmed Petitioner's conviction, rejecting the sole assignment of error, which alleged his sentence was inappropriately severe. *United States v. Carrillo,* No. 9900334

---

[3] Though Petitioner styles his pleading as a petition for a writ of error *coram nobis* and a writ of mandamus, his brief does not request a writ of mandamus. We will consider the petition as a writ of error *coram nobis*.

(N-M. Ct. Crim. App. 22 Feb 2000) (unpub. op.), *petition denied*, No. 00-489/MC (C.A.A.F. Aug. 9, 2000) (unpub. ord.).

Petitioner's bad-conduct discharge was executed following completion of appellate review. In 2014, Petitioner received a notice to appear before an immigration judge to show cause why he should not be removed from the United States on the basis that he is a non-citizen who was convicted of an aggravated felony within the meaning of the Immigration and Nationality Act, 8 U.S.C. § 237(a)(2)(A)(iii), based on his guilty pleas at general court-martial. He subsequently filed this petition. In a sworn declaration attached to his petition, Petitioner states that no one informed him that his convictions could lead to removal from the United States. He avers that he "would not have pleaded guilty to charges that would have triggered removal proceedings."[4] He further states that he "would have asked [his] counsel to pursue a resolution considering the immigration consequences," or he "would have gone to trial."[5]

## II. DISCUSSION

### A. Jurisdiction

"Every federal appellate court has a special obligation to satisfy itself . . . of its own jurisdiction." *Loving v. United States*, 62 M.J. 235, 239 (C.A.A.F. 2005) (alteration in original) (internal quotation marks and citation omitted). As an Article I court, we lack the "plenary powers of Article III courts," and our authority is limited by the Constitution and by "the powers given to [us] by Congress." *Id.* (internal quotation marks and citation omitted).

The All Writs Act authorizes "all courts established by Act of Congress [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "[M]ilitary courts, like Article III tribunals, are empowered to issue extraordinary writs under the All Writs Act." *LRM v. Kastenberg*, 72 M.J. 364, 367 (C.A.A.F. 2013) (alteration in original) (internal quotation omitted). The All Writs Act does not, however, provide "an independent grant of jurisdiction, nor does it expand [our] existing statutory jurisdiction." *Id.*

---

[4] Petitioner's Motion to Attach of 9 Aug 19, Attachment 1.

[5] *Id.*

Based on Article 66, UCMJ, we had subject matter jurisdiction to review Petitioner's case on direct appeal because his sentence included a bad-conduct discharge. Exercising that jurisdiction, we affirmed Petitioner's conviction. The writ of error *coram nobis* Petitioner now seeks is "but an extraordinary tool to correct a legal or factual error," and is "properly viewed as a belated extension of the original proceeding during which the error allegedly transpired." *United States v. Denedo*, 556 U.S. 904, 912-13 (2009). Our jurisdiction to entertain this writ "derives from the earlier jurisdiction [we] exercised . . . on direct review." *Id.* at 914. Accordingly, we have statutory jurisdiction to consider the petition.

We next consider whether a writ of error *coram nobis* is the appropriate vehicle for redress, as "an extraordinary remedy may not issue when alternative remedies, such as habeas corpus, are available." *Id.* at 911. Petitioner is not confined and direct review of his case is complete, making a writ of error *coram nobis* his only remedy. Accordingly, we have jurisdiction over this petition.

## B. Threshold Criteria to Consider the Petition

A writ of error *coram nobis* is "an extraordinary remedy" which "should not be granted in the ordinary case." *Denedo,* 556 U.S. at 917 (quoting *Nken v. Holder*, 556 U.S. 418, 437 (2009) (Kennedy, J., concurring)). It may be used to address "fundamental" errors which must be corrected in order "to achieve justice." *Id.* at 911 (quoting *United States v. Morgan*, 346 U.S. 502, 511 (1954)).

Before considering the merits of the petition, we must decide whether the petition meets the appropriate "threshold criteria" for consideration. *Denedo v. United States,* 66 M.J. 114, 126 (C.A.A.F. 2008). Only after establishing that the "threshold criteria" are met may we proceed to consider the merits of the petition and determine whether to grant the writ. Petitioner can only prevail on the merits if he can show he has a "clear and indisputable right to the requested relief." *Id.* (citing *Cheney v. United States Dist. Court*, 542 U.S. 367, 381 (2004)).

We first consider whether Petitioner has met the "stringent threshold requirements" for consideration of his petition:

> (1) the alleged error is of the most fundamental character;

> (2) no remedy other than *coram nobis* is available to rectify the consequences of the error;

> (3) valid reasons exist for not seeking relief earlier;

(4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment;

(5) the writ does not seek to reevaluate previously considered evidence or legal issues; and

(6) the sentence has been served, but the consequences of the erroneous conviction persist.

*Id.*

We must consider these "threshold requirements" in light of the specific error Petitioner alleges. Although Petitioner cites *Padilla,* a case decided on the basis of the *Strickland v. Washington*[6] standard of ineffective assistance of counsel under the Sixth Amendment to the Constitution, Petitioner does not allege ineffective assistance. Rather, Petitioner claims there is "substantial basis in law and fact" to question his guilty plea and that the military judge "should not have accepted the plea without ensuring [Petitioner] knew the consequences of his convictions."[7] And he notes that our superior court has held that "[t]he military justice system imposes even stricter standards on military judges with respect to guilty pleas than those imposed on federal civilian judges." *United States v. Soto*, 69 M.J. 304, 306 (C.A.A.F. 2011) (alteration in original) (quoting *United States v. Perron*, 58 M.J. 78, 81 (C.A.A.F. 2003)).

In *Denedo v. United States,* the Court of Appeals for the Armed Forces (CAAF) considered a petition for a writ of error *coram nobis* filed under similar factual circumstances, except that Denedo alleged he was entitled to relief because he had received ineffective assistance of counsel. *Denedo,* 66 M.J. at 117. Denedo pleaded guilty to offenses that could justify removal from the United States. The military judge did not inquire into Denedo's immigration status, nor did he inform Denedo that his guilty plea could result in removal. As in Petitioner's case, Denedo's guilty plea and direct appellate review took place before the Supreme Court decided *Padilla v. Kentucky*. After Denedo's conviction was final and he faced removal proceedings, he filed a petition for a writ of error *coram nobis* with this Court. However, Denedo's underlying case differs from Petitioner's case in one significant way:

---

[6] 466 U.S. 668 (1984).

[7] Petition for Extraordinary Writ of 9 Aug 19 at 4.

> [Denedo's] petition alleged that he specifically told his counsel during plea negotiations that "his primary concern and objective" was "to avoid the risk of deportation," and that he was "far more concerned about deportation and being separated from his family, than the risk of going to jail." According to [Denedo's] petition, his counsel had assured him that "if he agreed to plead guilty at a special-court-martial he would avoid any risk of deportation."

*Denedo,* 66 M.J. at 118.

The CAAF held that Denedo's petition met the "threshold criteria establish[ing] eligibility for review." *Id.* at 127. Our sister service court, the Army Court of Criminal Appeals considered a similar petition, alleging ineffective assistance of counsel, and also held that the petition met the *Denedo* standard for substantive review. *See United States v. Casa-Garcia,* 71 M.J. 586, 589 (A. Ct. Crim. App. 2012) (en banc). Based on the similarities between Petitioner's case and *Denedo,* we will assume, arguendo, that his petition meets the "threshold requirements" for substantive review.

## C. Substantive Review of the Petition

### 1. Consideration of Petitioner's sworn declaration

As a threshold matter, we must decide whether we can consider Petitioner's declaration. Petitioner attached a sworn declaration, purportedly signed under penalty of perjury. The declaration is not notarized. We may not exercise "factfinding power on conflicting post-trial affidavits and the record of trial." *United States v. Ginn*, 47 M.J. 236, 243 (C.A.A.F. 1997). We may not "decide disputed questions of fact pertaining to a post-trial claim, solely or in part on the basis of conflicting affidavits submitted by the parties." *Id.* However, because the "facts alleged in the [Petitioner's] affidavit allege an error that would not result in relief even if any factual dispute were resolved in [Petitioner's] favor," we can resolve Petitioner's claim on the basis of his declaration. *Id.* at 248.

For the reasons described below, taking Petitioner's declaration to be true, he is not entitled to relief.

### 2. Padilla *does not apply retroactively*

The petition implicates the Supreme Court's holding in *Padilla v. Kentucky,* a case decided years after his case completed appellate review. In *Chaidez v. United States,* the Supreme Court considered whether the holding in *Padilla* applied retroactively to "defendants whose convictions became final" prior to issuance of that opinion. 568 U.S. 342, 357 (2013). The Court an-

alyzed the *Padilla* opinion in light of *Teague v. Lane*, 489 U.S. 288 (1989), which established the framework for determining whether new rules apply retroactively. The Court held that *Padilla* announced a "new rule" such that "defendants whose convictions became final prior to *Padilla* therefore cannot benefit from its holding." *Chaidez,* 568 U.S. at 357.

Petitioner's case was final many years before *Padilla* was decided. Therefore, if analyzed in terms of a claim of ineffective assistance of counsel, Petitioner fails to show he has a right to relief.

However, as the Petitioner challenges not the effectiveness of his counsel's assistance but the providence of his guilty pleas, the holding in *Chaidez*—though relevant—does not end our analysis.

### 3. No substantial basis to question providence of plea

Before accepting a guilty plea, a military judge must ensure the plea is supported by a factual basis. Article 45(a), UCMJ; *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969). The military judge must elicit sufficient facts to satisfy every element of the offense in question, and a military judge's decision to accept a plea of guilty is reviewed for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

Specifically, "[a] military judge abuses his discretion if he accepts a guilty plea without an adequate factual basis to support the plea." *Id.* at 321. We review de novo "the military judge's determinations of questions of law arising during or after the plea inquiry." *Id.* A reviewing appellate court may only reject a guilty plea if there is a substantial basis in law or fact to question the plea. *Id.* (citing *United States v. Prater,* 32 M.J. 433 (C.M.A. 1991)).

The Petitioner does not contest the adequacy of the military judge's inquiry about his substantive guilt of the offenses. He only challenges his pleas as unknowing because he was not aware that his convictions could result in removal from the United States. Reviewing the military judge's providency inquiry, we do not find a "substantial basis in law or fact to question the plea." *Id.* The inquiry fully complied with Article 45. Although the military judge did not inquire into Petitioner's immigration status, he did not have the benefit of the Supreme Court's guidance issued years later in *Padilla.*

When Petitioner elected to plead guilty, he gave up his constitutional right against self-incrimination, his right to a trial on the facts, and his right to present and confront witnesses. These rights stand on equal constitutional footing with the Sixth Amendment right to assistance of counsel that was implicated in *Padilla.* Because the Supreme Court has held that *Padilla* announced a new rule that lacked retroactive effect, we find that the military judge's failure to notify Petitioner of the potential collateral consequences of his plea does not give us a "substantial basis in law" to question the plea.

We are aware of our superior court's holding in *United States v. Riley,* in which the CAAF held that the military judge abused his discretion when he accepted Riley's pleas of guilty without first informing her that she may have to register as a sex offender. 72 M.J. 115 (C.A.A.F 2013). However, we distinguish *Riley* from the facts of this case for two reasons. First, the CAAF considered *Riley* on direct appellate review. Second, Riley's guilty pleas were accepted three years *after* the CAAF, in *United States v. Miller*, 63 M.J. 452 (C.A.A.F. 2006), announced a "prospective rule" that sex offender registration was a major collateral consequence of which an accused must be informed prior to pleading guilty to potentially registerable offenses. *Miller,* 63 M.J. at 459; *Riley,* 72 M.J. at 117-19. Here, Petitioner's guilty pleas were accepted over a decade *before* the Supreme Court decided *Padilla*.

We are persuaded by our sister service court's reasoning in *Washington v. United States,* 74 M.J. 560 (A. Ct. Crim. App. 2014). In *Washington,* the Army Court of Criminal Appeals denied Washington's petition for a writ of error *coram nobis*, seeking to have his convictions reversed in light of *Riley* because he pleaded guilty without having been informed that his convictions would require him to register as a sex offender. *Id.* at 561. As the court in *Washington* explained, Washington entered pleas of guilty in 1999, several years before *Miller* established the "prospective rule" requiring counsel to provide advice to clients before they plead guilty to potentially registerable offenses. *Miller,* 63 M.J. at 459; *Washington,* 74 M.J. at 561. Thus, the court held the military judge did not "abuse[ ] his discretion or commit[ ] plain error" by accepting Washington's pleas despite the lack of such advice, because the plea inquiry fully complied with the legal requirements "in effect at the time of petitioner's trial." *Washington,* 74 M.J. at 561. Similarly, we find no error here in the military judge's acceptance of Petitioner's pleas in 1998, years before the Supreme Court decided *Padilla* and required advice about immigration consequences. The military judge's inquiry was fully consistent with the legal requirements in existence at that time and does not give rise to a substantial basis in law or fact to question the guilty plea. *Inabinette*, 66 M.J. at 322.

Accordingly, we reject the petition for a writ of error *coram nobis*.

## III. CONCLUSION

The Petition for Extraordinary Relief in the Nature of a Writ of Error *Coram Nobis* is **DENIED**.

Judges LAWRENCE and J. STEPHENS concur.



FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court